PRIEST *v*. MURPHY.

Opinion delivered January 15, 1912.

1.  DEED—FAILURE OF CONSIDERATION—REMEDY—Where the consideration of a deed is the grantee's undertaking to support the grantor,

and he fails to comply with such undertaking, the grantor's remedy is either to sue at law for the amount of the consideration as it becomes due, or else to treat the contract as void and sue in equity to cancel and set it aside.   (Page 467.)

2.  SAME—FAILURE OF CONSIDERATION—REMEDY.—Where the consideration of a deed was the grantee's undertaking to support and maintain the grantor's children during minority, and the grantee failed to comply therewith, the only remedy of such children, after the grantor's, death, is by an action at law against the grantee for the amount of consideration due them.   (Page 467.)

Appeal from Little River Chancery Court; *James D. Shaver*, Chancellor; affirmed.

STATEMENT BY THE COURT.

Plaintiffs, appellants, filed a complaint in the Little River Chancery Court against R. H. Murphy and other defendants, alleging that they are the sons and sole heirs-at-law of J. M. Priest, deceased, who died in 1894; that said J. M. Priest, their father, on or about the 18th day of September, 1893, being the owner of a five-ninths interest in the northeast quarter, section 22, township 12 north, range 32 west, executed a warranty deed conveying same to R. H. Murphy, reciting the following consideration:   "for and in consideration of the sum of one dollar to us in hand paid, and the further consideration that R. H. Murphy is to clothe, board, raise and care for my three boys, William Martin, Gus Evans and Rasnus Abraham, aged respectively seven, five and four years, until they arrive at the age of twenty-one years;" that said consideration was an undertaking upon the grantee, R. H. Murphy, to clothe, board, raise and care for these plaintiffs until they became twenty-one years of age; that the said grantee wholly failed to comply with said undertaking; that he afterwards conveyed said land to Bettie Bell, one of the defendants herein, who afterwards conveyed separate parcels of said land to each of the other defendants, naming them, all of them who claim to have an interest in this controversy claiming title under said deed executed by J. M. Priest, plaintiffs' ancestor, to the said Murphy; that, the consideration of said deed having failed, said deed is void, and said R. H. Murphy took nothing by virtue thereof, and conveyed no title to said Bettie Bell, or these defendants.   Prayed a cancellation of the deed

from Priest to Murphy, of the Murphy deed to Bettie Bell and of her deed to all her grantees, so far as they affected plaintiffs' interests in the land; for an accounting of the rents and profits and for possession of the land.

A copy of the deed from Priest to Murphy, which was the usual warranty deed reciting the consideration as set out in the complaint, was filed as an exhibit.

The defendant, R. H. Murphy, filed a separate, general demurrer to the complaint, alleging:

"1.   Said complaint is deficient in that it fails to state a cause of action against this defendant.

"2.   The complaint fails to state facts sufficient to constitute a cause of action against this defendant cognizable in a court of equity."

Four of the other defendants filed a like separate general demurrer, and all of the others filed a separate demurrer of like import.

Upon the hearing, the demurrers were sustained, and, the complainants declining to plead further, the complaint was dismissed for want of equity, and from the judgment they appealed.

*Jones & Campbell* and *A. D. DuLaney*, for appellants.

The demurrer to plaintiffs' complaint should have been overruled. 35 Ark. 565. A plea to the forum can not be taken by demurrer. 32 Ark. 562; 67 Ark. 15; 37 Ark. 386. The statute enumerates the grounds of demurrer. Kirby's Dig., § 6093. Plaintiffs are entitled to have the deed cancelled. 86 Ark. 251; 67 Ark. 536; 106 N. W. 29; 101 Pac. 1107; 58 Atl. 951; 16 Ill. 48; 59 Ill. 46; 138 Ind. 354; 37 N. E. 787; 57 Ia. 92; 10 N. W. 306; 36 Ky. 446; 89 Ky. 529; 94 Mass. 586; 40 Mich. 597; 92 Mich. 112; 52 N. W. 290; 36 N. H. 344; 209 Ill. 291; 99 Wis. 469; 238 Ill. 218; 247 Ill. 510; 122 S. W. 201; 72 Ill. 449; 143 Ill. 353; 152 Ill. 471; 190 Ill. 461; 30 Gratt. 454; 99 Va. 688; 4 Conn. 474; 50 S. W. 857. The language of the deed created a trust. 28 Beavan 644; 33 *Id.* 351; 3 Allen 313; 37 Conn. 387; 3 W. Va. 597.

*J. G. & E. W. Dollarhide, J. O. Livesay, John C. Head, Steel Lake* and *James D. Head,* for appellees.

The demurrer was properly sustained. 67 Ark. 526; 135

S. W. 905; 77 Ark. 168. The statement in the deed was a
personal covenant. 9 Am. Dec. 599. The consideration re-
cited in the deed did not constitute a lien on the land. 67 Ark.
526; 6 Pom. Eq. Jur. § 686. It is not a condition subsequent.
40 S. E. 17; 109 S. W. 215; 111 S. W. 1069; 27 So. 298; 57 S.
W. 726; 45 S. W. 656; 124 S. W. 997; 66 S. E. 270; 73 Tex.
367; 69 Ia. 518; 70 N. W. 689; 36 S. E. 53; 77 Ark. 168; 71
Ark. 494.

KIRBY, J., (after stating the facts). The father of appel-
lants conveyed the interest in these lands to R. H. Murphy,
in consideration of the sum of one dollar, and the further con-
sideration that he was to clothe, board, raise and care for his
three boys, William Martin, Gus Evans and Rasnus Abra-
ham, aged, respectively, seven, five and four years, until they
arrived at the age of twenty-one years, by a general warranty,
without condition or limitation.

It is contended by appellants that, the consideration of
the deed having failed, it being alleged, and by the demurrer
admitted, that the grantee did not furnish board, clothing and
maintenance to appellants in accordance with the recitals of
the deed, they have the right to have said deed cancelled and
set aside because of such failure of consideration.

The law is that where the consideration of a deed is the
grantee's undertaking to support the grantor, and he fails to
comply with such undertaking, the grantor's remedy is either
to sue at law for the amount of the consideration as it would
become due, or else to treat the contract as void and sue in
equity to cancel and set it aside. *Salyers* v. *Smith*, 67 Ark.
526; *Whittaker* v. *Trammell*, 86 Ark. 251.

The appellants all being of age when the suit was brought,
the whole amount they were entitled to for the grantee's failure
to furnish them support and maintenance could have been
determined and recovered in an action at law, and there is
no allegation in the complaint of the insolvency of the grantee
or his inability to pay any judgment that might be obtained
against him on that account.

If their father had made the grant in consideration of
his own support, he could, upon a proper showing, have had
the deed cancelled for a failure of such consideration; and if
it had been made on such condition, he or they, his heirs,

upon the condition broken, could have set it aside, but the grantor did not think it necessary to convey the property upon condition, and we think the right to cancel such a deed for failure of consideration because of the maintenance not being furnished as agreed in the deed is personal to the grantor. That where the consideration requires the support and maintenance to be supplied to his children, during minority, by a stranger to whom the grant was made, their only remedy is by a suit at law against the grantee for the amount of the consideration due them, and that they can not, as heirs of the grantor, set aside the conveyance.

It follows that the court did not err in sustaining the demurrer, and the judgment is affirmed.