## STALCUP *v.* HUNT.

### Opinion delivered April 7, 1919.

1.  DEEDS — NONCOMPLIANCE WITH CONDITIONS — CANCELLATION.— Where a grantee agreed to live with the grantors during the term of their natural lives, attend to household duties, and make life for the grantors as pleasant and comfortable and agreeable as possible, and that failure to comply with such conditions should render the conveyance void, the surviving grantor would be entitled to a cancellation upon the failure of the grantee to perform those conditions.

2.  SAME — NONCOMPLIANCE WITH CONDITIONS — EVIDENCE. — In a grantor's action to cancel a deed upon the ground that the grantee failed to comply with conditions subsequent therein contained, evidence *held* insufficient to establish the allegations of the complaint.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Charles T. Coleman* and *Wallace Townsend,* for appellant.

Appellee admits that she voluntarily breached the contract and refused to further perform the services she agreed to render, and for which she had been twice paid. Her answer places the burden on her. Her obligation was not only to care for Mrs. Stalcup but also for Mr. Stalcup for life. Her own testimony shows, as does all the other testimony, that Mr. Stalcup committed no act of violence and made no threats against her nor refused to permit her to discharge her duties nor that he ejected her from his home. She has enjoyed the fruits of her contract and will not be allowed to refuse to perform her obligations. The sole consideration having failed by her own fault and acts, the court erred in refusing to cancel the conveyance. 12 N. E. 698; 203 S. W. 286; 165 Pac. 85; 114 N. E. 561; 148 Pac. 502; 144 Pac. 133; 4 R. C. L. 509, par. 22. She voluntarily breached her contract, and even if it were true, as it is not, that Mr. Stalcup made conditions unpleasant, that did not excuse performance on her part. 12 N. E. 698; 47 N. W. 768; 148 Pac. 502. It was her duty to stay in the home and perform her contract but she did not, and the conveyance should have been set aside. Cases *supra.*

*W. E. Hemingway, G. B. Rose, D. H. Cantrell* and *J. F. Loughborough,* for appellee.

Under the pleadings the burden was upon appellant to show a breach of the contract by appellee. The testimony shows that appellee was willing to perform her contract and did so in a conscientious and faithful way for eight years and only ceased because of rude treatment and offers of violence personally, which rendered her condition intolerable and forced her to leave. There is no breach of a contract where performance is prevented by the wrongful conduct of the other party complaining. 93 Ark. 204; 85 *Id.* 599; 48 Minn. 113. The decree is

supported by a great preponderance of the testimony and should not be disturbed. *Supra.*

McCULLOCH, C. J. Appellant owned a certain piece of real estate in the city of Little Rock, and on December 17, 1907, he and his wife joined in a deed conveying the same to appellee. The deed contained a provision reserving the rent of the property to appellant as long as he lived, and the deed also contained the following clause:

"And the said party of the second part, for and on her behalf, agrees that she will live with the said parties of the first part for and during the term of their natural lives, and that she will take charge of the home duties, and in so far as may be in her power, attend to all the household duties connected with their home, and the welfare of the parties of the first part, and make the same as pleasant and comfortable and agreeable as may be in her power so to do. Failure on part of the said party of the second part to keep and perform the above covenants and agreements, shall render the above agreement of conveyance void and of none effect."

This is an action instituted by appellant in the chancery court to cancel the deed on the ground that appellee has failed to perform the conditions set forth in the deed, and has forfeited her right to claim under the deed. Appellee answered, denying the allegations of the complaint with respect to her failure to perform the contract, and alleged that on the contrary appellant has, by his own conduct, prevented her from performing the contract. On the final hearing of the cause the chancellor found in favor of appellee and rendered a decree dismissing the complaint for want of equity.

Appellee was a sister of appellant's wife, who is now dead. She came to live with appellant and his wife in the city of Little Rock during the year 1883, while she was yet a young girl, and they gave her a home without charge and sent her to school. When she had finished her education, they secured a position for her, first as school teacher and later as a saleswoman in one of the

stores in this city. She did not continue to live with them at all times, and in the year 1905, when she was living away from them, appellant induced her to return to their home, and it was then agreed that she should remain there in appellant's home and give her time and attention to keeping the home and administering to the wants of appellant and his wife. Mrs. Stalcup was then a cripple and her mind was to some extent impaired. In consideration of her agreement to remain with appellant and his wife in their home and assist in taking care of them, appellant assigned to her a certain contract for the sale of real estate for the purchase price of $1,380, payable $15 per month. The payments under that contract were made to appellee by the purchaser until the contract was discharged. Appellee insisted upon additional compensation for her services and the conveyance now under consideration was made to her in response to that request or demand. She remained with appellant and his wife continuously until December 2, 1915, when she left their home and since then has not rendered any services to them. Mrs. Stalcup died about a year later.

The testimony is voluminous. Appellant testified at length in support of his charge that appellee had broken the contract by leaving his home and service without reasonable cause, and, on the other hand, appellee testified at length, giving in detail instances which tended to support her contention that appellant's conduct was such as rendered her further remaining in his household impossible. The testimony of each party is to some extent corroborated, but the strongest corroborative testimony is in support of appellee. She introduced a great many of her neighbors and friends whose testimony tended to establish her contention that appellant's conduct became such as to render her condition as a member of the household intolerable, and that she could no longer live there and was compelled to leave the home. The testimony of those witnesses also tends to show that appellant purposely made appellee's situation in the home so disagreeable as to compel her to leave. It would serve no

useful purpose to analyze the evidence in detail, or to set forth the particulars in which the parties were at fault according to the testimony adduced upon each side. The law on the subject is well settled, and we can not disregard the numerical strength of the witnesses who testified in corroboration of appellee's statements, or their opportunities for knowing the facts which they undertook to relate.

This case, unlike most other decisions on this subject, involves a deed which not only states the consideration to be performed by the grantee, but also contains a statement of the conditions upon which the conveyance is executed, and an express provision that the conveyance shall be void upon the failure to perform those conditions. If the proof was sufficient, appellant would be entitled to a cancellation of the deed. *Salyers* v. *Smith,* 67 Ark. 526; *Priest* v. *Murphy,* 103 Ark. 464. Appellant's difficulty is that he has failed to establish his case by a preponderance of the evidence. At least, we can not say that the evidence preponderates against the finding of the chancellor.

Decree affirmed.