PHILLIPS *v.* PHILLIPS.

Opinion delivered March 7, 1927.

1. DEEDS—AGREEMENT TO SUPPORT AS CONSIDERATION.—Where a deed was executed in consideration of an agreement by the grantee to support the grantor and his wife, and this agreement is made by the grantee for the fraudulent purpose of securing the deed and without intending to carry out the condition of the deed, this constitutes a fraud avoiding the conveyance, and equity will set it aside.

2. CANCELLATION OF INSTRUMENT—FRAUD IN PROCUREMENT OF DEED. —Refusal of a son to support his mother, pursuant to his agreement to do so, made in consideration of a deed from the father, raises a presumption of abandonment of the contract and of a fraudulent intent in entering into it, justifying cancellation of the deed for fraud in its procurement.

Appeal from Hot Spring Chancery Court; *W. R. Duffie,* Chancellor; affirmed.

STATEMENT OF FACTS.

Sarah Phillips, as administratrix of the estate of Abe Phillips, deceased, brought this suit in equity against Joe Phillips to cancel a deed to a certain forty-acre tract of land in Hot Spring County, Arkansas. The suit was defended upon the ground that the title to the land was in Joe Phillips.

Sarah Phillips was the principal witness for the plaintiff. According to her testimony, her husband, Abe Phillips, obtained title to the forty acres of land in controversy by deed from their son, Jim Phillips. The deed was not recorded, and was destroyed at the time that their dwelling-house was burned. Jim Phillips refused to execute another deed to his father, and the latter con-

sulted with an old friend, who was a justice of the peace, about the matter. The justice advised Abe Phillips to make a deed to his son, Joe Phillips, and then let Joe Phillips reconvey the land to him, and that, in this way, there would be a paper title to the land in Abe Phillips which might be filed for record. Pursuant to this plan Abe Phillips executed a deed to the land to his son, Joe Phillips. The matter ran along for about a year, and Abe Phillips and his wife, Sarah Phillips, continued to live upon the land. Abe Phillips then demanded a deed from Joe Phillips, which the latter refused to execute. Abe Phillips died in a few days thereafter, and Sarah Phillips became administratrix of his estate. Upon the refusal of her son, Joe Phillips, to execute a deed reconveying the land to the estate of Abe Phillips, deceased, she instituted suit in the chancery court to annul his deed. Her testimony was corroborated by that of other witnesses, and it was also shown by the evidence for the plaintiff that Joe Phillips failed and refused to contribute anything to the support of Sarah Phillips after the death of her husband.

Joe Phillips was the principal witness for himself. According to his testimony, the deed was executed to him by his father, Abe Phillips, to the forty acres in controversy on July 24, 1919, and the consideration recited in the deed was $500. The real consideration was that Joe Phillips would allow his father to continue to live on the land during his lifetime and would help support him. It was also a part of the consideration that, if the mother of Joe Phillips should outlive her husband, the son would see that she would not suffer. Joe Phillips promised his father, Abe Phillips, to do this, and that was the real consideration for the execution of the deed.

The chancellor found the issues in favor of the plaintiff, and it was decreed that the deed to the forty acres in controversy from Abe Phillips to Joe Phillips should be canceled. To reverse that decree Joe Phillips has duly prosecuted an appeal to this court.

*John L. McClellan,* for appellant.

*D. D. Glover,* for appellee.

HART, C. J., (after stating the facts). According to the evidence of Joe Phillips, the decision of the chancellor was correct. Accepting his testimony as representing the true facts in the case, Joe Phillips took the land upon a condition subsequent; the sole consideration for the conveyance to him by his father was the home comfort he was to give to his father and the support of his mother in her declining years, if she should outlive her husband. Thus, under the real consideration of the deed, a continuous and fixed duty rested upon the son to support his mother. He admitted in his own testimony that no amount of money was paid by him to his father as a consideration for the deed, and that the real consideration was the comfort and support he was to give his parents in their declining years. No part of the $500 recited as the consideration in the deed was ever paid or intended to be paid. The real consideration was to secure the means of support for his father and mother. According to the testimony for the plaintiff, the defendant failed and refused to support his mother after the death of his father. The defendant admits that he quit supporting his mother but attempts to justify his action on the ground that she refused to live with him any longer, and went to live with some of her other children.

The ground for equitable relief in cases of this sort, under our decisions, arises from the fraud which the circumstances of the case show would be perpetrated but for such interposition of the court upon the party asking such relief. Where a deed is executed in consideration of the agreement by the grantee to support the grantor or the grantor and his wife, and this agreement is made by the grantee for the fraudulent purpose of securing the deed and without intending to carry out the condition of the deed, this constitutes a fraud avoiding the conveyance, and equity will set it aside. *Salyers* v. *Smith,* 67 Ark. 526, 55 S. W. 936; *Whittaker* v. *Trammell,* 86 Ark. 251, 110 S. W. 1041; *Priest* v. *Murphy,* 103 Ark.

464, 149 S. W. 98; and *Goodwin* v. *Tyson,* 167 Ark. 396, 268 S. W. 15.

In the case at bar Abe Phillips, the grantor in the deed, continued to reside upon the land up to the time of his death, and Joe Phillips made no attempt to obtain possession of it. He admits that no part of the consideration named in the deed was paid and that it was never intended to be paid. He also admits that the real consideration was that he should support his mother if she outlived his father. He did not do so, and these circumstances give rise to the presumption of the abandonment of his contract to support his mother and of a fraudulent intent upon his part in entering into it. In other words, his refusal and neglect to carry out the promise of support to his mother raises the presumption that Joe Phillips did not intend to comply with his contract in the first instance, and that therefore the contract was fraudulent in its inception, and the chancery court was justified in canceling the deed for fraud in procuring it.

Therefore the decree will be affirmed.