UPSON *v.* ROBISON.

Opinion delivered May 20, 1929.

*John N. Cook,* for appellee.

MEHAFFY, J. The appellee filed suit in the municipal court of Texarkana, Arkansas, for the sum of $30 which she claimed the appellant owed her for rent. She filed the following in the municipal court:

"Texarkana, Ark.-Tex., Oct. 17, 1928.

"Mr. F. J. Upson, in account with Mrs. W. M. Robison.

"Office telephone 281. Home telephone 466.

"1928 2604 Hazel Street, Texarkana, Tex.

"October 17. To one month's house rent, beginning September 14, 1928, and ending October 14, 1928, at $30 per month, $30. Filed Oct. 17, 1928."

In the municipal court at Texarkana no written pleadings are necessary. That court is governed by the same statute that governs pleadings in the justice of the peace court.

Section 6427 of Crawford & Moses' Digest reads as follows: "The pleadings in the action may be written or oral, and without verification, but, if oral, it shall be the duty of the justice of the peace to write down the substance thereof in his docket, and all cross demands or set-offs shall be made, if at all, at the time answer is put in."

That refers to the pleadings both of the plaintiff and of defendant. The transcript shows that the defendant filed no written pleadings, but the municipal judge put on his docket: "Answer in short, defendant denying claim." It therefore appears from the record that there

was a suit for a debt claimed to be due, and the defendant did not plead any counterclaim or set-off, but merely denied owing the debt. In other words, as stated by the municipal judge, his plea was a denial of plaintiff's claim.

There was very little conflict in the evidence. The undisputed proof shows that the appellant rented the house from appellee, and promised to pay her $30 a month, and began by paying in advance. There is then a controversy about whether repairs were necessary, and also as to whether repairs were made, but we think this is immaterial, because there was no claim for set-off or counterclaim pleaded in the lower court. And if appellant had any claim against the appellee, it was his duty to plead it in the lower court. Since appellant did not plead any counterclaim or set-off in the municipal court, he could not plead it in the circuit court.

Section 6529 of Crawford & Moses' Digest reads as follows: "The same cause of action, and no other, that was tried before the justice shall be tried in the circuit court upon the appeal, and no set-off shall be pleaded that was not pleaded before the justice, if the summons was served on the person of the defendant."

The appellant contends, first, that the court had no jurisdiction for the following reasons:

"(1) Because the action is a local action under the laws of the *lex loci contractus* and the domicile of the parties; (2) that the action, under appellee's theory of the case, is penal in its nature; (3) that it pertains or relates to real property; (4) that it would be against the public policy of the State of the forum to do so."

As to the first contention, that it is a local action under the Texas laws, appellant calls attention to the statutes of Texas, one of which provides that no person who is an inhabitant of the State of Texas shall be sued out of the county in which he has his domicile, etc. That means, of course, in the courts of Texas. The Arkansas statute provides that a person shall be sued in the county where he resides or where service might be had upon

him. But no one would contend that, if one owed another an account, or had given a promissory note and the parties were in some other State, suit might not be brought wherever service could be had on the defendant.

The other statutes quoted and relied on by appellant are statutes of Texas for the enforcement of a landlord's lien, or statutes that give tenants a right in certain cases. A sufficient answer, we think, to the argument on this question and these statutes is that the appellee was not seeking to enforce a lien under the Texas laws, but was simply suing on a debt which she claimed appellant owed her. It is also true, under the statutes of Arkansas, that suits with reference to real estate must be brought in the county where the land is situated. But if A should purchase a tract of land from B and give a promissory note for the purchase money, it would not be contended that suit on this note might not be brought anywhere. Of course a lien on the land could be enforced only in the county where the land was situated. That would be true of a promissory note secured by a mortgage on real estate. If the mortgagee desired to foreclose his mortgage, to enforce his lien, this could only be done in the county where the mortgaged land was situated, but he might waive any right he had to foreclose or any lien that he might have, and sue the maker of the note wherever he could get service on him. This is exactly the case here. Under the statutes of Texas the appellee would have had a lien for rent due her, but she is not seeking to enforce the lien, but simply seeking to collect a debt which she claims appellant owes her.

It is next contended by appellant that the action under appellee's theory of the case is penal in its nature. The undisputed proof shows that the parties entered into a contract or agreement, and that appellant agreed to pay $30 a month for the house as rent, and that the rental was from month to month. There is no question about 30 days' notice or any other notice. The appellee does not contend that she was entitled to notice. What she does contend is that the appellant held over after one month

had expired, and he therefore was indebted to her for the next month, having held over. Appellant then says that this pertains to real property. We think appellant is mistaken about this. There is no question about a lien on real property, and the claim did not in any way affect real property or relate to it. It was simply a promise, according to appellee's theory, to pay her $30 a month, and if he stayed any part of a month, of course that would constitute an agreement to stay the whole month.

Appellant then contends that it would be against the public policy of the State of the florum to entertain jurisdiction of this case. We do not agree with the appellant in this contention.

Of course she could not enforce any lien against the property of appellant in this State. If she undertook to do that, she would have to bring her suit in the county where the Texas law says it shall be brought. But she has waived any lien she might have; brought the suit only on the contract to pay her $30 a month, and the undisputed proof shows that appellant stayed in the house six days after his month was up, and this would make him liable, either under the laws of Texas or Arkansas, for a month's rent. It is contended, however, that the appellee tacitly consented to the holding over. There is nothing in the record indicating that she consented for him to hold over without the payment of rent. It is true that the appellant told her that, if she did not make certain repairs, he would leave and get another house, and she asked him once why he did not move. Certainly, neither one of them meant that the moving out would in any way change the contract, and, unless there was some agreement to that effect, he would owe the rent for the entire month, since he occupied the house for a portion of that month, and the rental was from month to month, as agreed by both parties.

Each of the instructions requested by appellant are, in effect, peremptory instructions, and, since they were, and the appellee asked a peremptory instruction, this

amounted to the parties submitting the question to the court, and the finding of the court as to the facts is as binding as if found by a jury, and if there is any substantial evidence to sustain the finding, it will not be reversed by this court.

It is, we think, a sufficient answer to appellant's argument about the Texas statutes and about failure to make repairs, that none of these things were pleaded in the court below, and they cannot be considered here.

The judgment of the circuit court is correct, and is therefore affirmed.