JEFFERY *v.* PATTON.

Opinion delivered October 20, 1930.

*D. L. Ford*, for appellant.

*Cravens & Cravens* and *C. M. Wofford*, for appellee.

KIRBY, J., (after stating the facts). The conveyances of the lands from the grantor, E. B. Petty, to his children were ordinary warranty deeds reciting a certain consideration paid with no indication of any other consideration to be paid or the grant of the lands upon condition, making no mention of any trust or security for the payment of any further sum or the performance of any service to the grantor by the grantees. "An express trust cannot be proved by parol evidence, and neither will such evidence be heard to graft an express trust upon a deed absolute in its terms." *Fenter* v. *First National Bank of Malvern, ante* p. 89.

The conveyances were not voluntary conveyances without consideration, nor was there any attempt to set them aside as in fraud of creditors. If the consideration for the deeds was an undertaking on the part of the grantees to support and maintain the grantor, their father, for the remainder of his life and there was a failure on their part to comply with the undertaking, the grantor himself could have sued at law for the amount of the consideration after it became due, or treated the contract as void and brought suit in equity to cancel and set it aside for failure of consideration. If the conveyances had been made on such conditions, he or his heirs upon the condition broken could have set it aside. The grantor did not find it necessary, however, to convey the property upon condition and the right to cancel for failure of consideration because of maintenance not being furnished in accordance with the agreement, if there was such an agreement, was personal to him. *Priest* v. *Murphy,* 103 Ark. 465, 149 S. W. 98.

The guardian *ad litem* could not consent to the erroneous decree charging against the lands belonging to them or their interest therein a lien for payment of contribution to one of the grantees who had advanced money for the support of their father, the grantor of them all.

The decree is accordingly reversed, in so far as the rights of the minor appellants and their interest in the

lands is concerned, and the cause remanded with directions to enter a decree of partition setting aside their interest in the lands to them without regard to and free of any claim for contribution from them to Mrs. Brilla Patton and John Petty for money advanced or services rendered to the said grantor in his lifetime.