Suit by Federal Oil Marketing Corporation against Marion Machine, Foundry Supply Company and others. From a judgment for plaintiff defendants appeal. *Page 653 
STATEMENT BY THE COURT.
This appeal comes from a judgment in replevin for possession or value of certain casings, taken by appellant from oil wells not in operation, upon leases claimed by them to have been abandoned.
The undisputed testimony shows that the lands had been regularly leased for operation and production of oil, that oil had been produced thereon in four wells, and that the production had dwindled and been reduced so much that the two wells from which the casing was taken could be operated only at a great loss. The leases had never expired, the term extending five years after production under one construction and twenty-five years under another, the lessor having the right to remove the improvements and equipment upon termination of the leases.
The lessees ceased production because of the loss from the operation of the wells during the depression period, and removed some of the equipment and stored it for safe keeping, and left the casing, etc., in the wells, intending to return and resume operations if any deeper producing sands were discovered in the field, etc.
In 1927, the appellant, without notifying appellee of any claim of forfeiture of the leases because of failure of operation, abandonment or otherwise, authorized the taking of the casings from the wells and sold same; this after they were notified by appellee that they had no right to do so, and to desist therefrom.
The record shows that on August 26, 1932, a motion was granted to substitute appellee as a party plaintiff instead of the Marr Oil Corporation, and an amended answer was permitted to be filed.
The testimony shows that there were four wells drilled on the lease in question, two small producers out of which the casing was pulled in 1923 and operation was suspended on the remaining two wells in 1927 because of general economic conditions and the depression, the oil produced therefrom not being sufficient to pay operating expenses. That 14,000 barrels of oil had been produced from the two wells from which the casing was wrongfully taken by appellant. Appellee did not take the casing from these two wells, but left same therein with the *Page 654 
expectation of resuming operations if conditions warranted. No condition developed in the field that warranted the drilling of other wells or the deepening of the present ones to reach other producing sands. The cost of drilling the wells was approximately $65,000.
The value of the property taken by appellant was shown by the testimony, which also showed that the wells had not been operated since 1927, and had only been visited by an employee of the appellee company at short intervals to see what their condition was until this suit was brought. It was also shown that the timbers in the derricks had rotted considerably and the grounds around the wells had grown up in weeds and grass.
One of appellee's witnesses, its district superintendent or field man, told some of the employees of appellant that he understood they were pulling the casings in these wells, that the leases belonged to appellee, and asked if they had permission to do so. They told him they knew it was the appellee's lease, but they wanted to buy the pipe. He then served notice on the appellants, asserting ownership of the lease and casing, and told them they had no right to remove it.
At the conclusion of the testimony, each of the parties moved the court for an instructed verdict without having asked for any other instructions, and the court instructed the jury to find for the appellee, which was done, and from the judgment thereon this appeal is prosecuted.
(after stating the facts). Appellants insist that the court erred in directing the verdict against them; but it has frequently been held that, under such circumstances of submission, the court has the right to direct a verdict, the parties having by such request waived the right to a verdict by the jury, and the decision of the court has the same effect as would have been given to the verdict of a jury, the evidence viewed in the light most favorable to appellee. St. L. Sw. Ry. Co. v. Mulkey,100 Ark. 71, 139 S.W. 643; Upson v. Robinson, 179 Ark. 600,17 S.W.2d 305; and Stewart v. Budd, 169 Ark. 363,295 S.W. 748. *Page 655 
Appellants failed to sustain the burden of proof, which was upon them, to establish an abandonment of the lease as claimed; and there was no claim of any right to a forfeiture because of a cessation of operation of the wells, nor any claim of a right to cancellation of the lease because thereof.
The testimony in appellee's favor was very substantial, it being doubtful if there was not a decided preponderance thereof, and at least it was amply sufficient to support the verdict as directed. The appellants clearly had no right to take possession of and appropriate the casing out of the old wells under the circumstances, there having been no abandonment thereof by the lessees, and the lease not having expired or terminated by reason of forfeiture or otherwise; and the court committed no error in so holding.
The judgment is affirmed.