RICHEY v. CRABTREE.

4-5442                                       127 S. W. 2d 269

Opinion delivered April 17, 1939.

*Kenneth C. Coffelt,* for appellant.

*McDaniel & Crow,* for appellee.

McHANEY, J. This action was brought at law by appellee against appellant Albert Richey in unlawful detainer to recover the possession of a certain 40-acre tract of land in Saline county, which he claimed to own as the sole surviving heir-at-law of his aunt, Mrs. Lizzie Wright, deceased. Said appellant answered and claimed the right of possession through appellant, J. B. Richey, who, it was alleged, secured a deed to said land from Mrs. Lizzie Wright, dated May 13, 1936, five days before her death. Appellee then filed an amended complaint, making appellant J. B. Richey a party defendant, and attacking the validity of said deed for lack of consideration and for lack of mental capacity of Mrs. Wright to make same. He moved to transfer to equity and prayed a cancellation of said deed in addition to his prayer for possession. Trial

resulted in a decree for appellee, awarding the relief prayed. The case is here on appeal.

The trial court found that Mrs. Wright was quite old and had been in feeble health, both in body and mind for some time prior to her death, and that "due to her age, physical and mental condition, she was incapable of contracting" and "that there was no good and valid consideration for said property and therefore said deed is void and should be set aside." A decree was entered accordingly, possession was awarded appellee as the only heir-at-law of Mrs. Wright, as also damages for the rental value while appellants were in the wrongful possession.

Appellants contend there is no evidence to support the findings and decree. They have not properly abstracted the record and but for the supplemental abstract furnished by appellee, we would have to dismiss or affirm for non-compliance with Rule 9. We think the evidence sufficient to support both findings of the trial court. Appellee's witness, Dr. C. W. Jones, testified that Mrs. Wright had pellagra; that she had mental and intestinal symptoms, and the matter of sending her to the State Hospital for Nervous Diseases was discussed with her family; that she was in a highly nervous condition which is a sign of emotional instability that goes with this disease; and that she was not capable of transacting business of any importance. Other witnesses testified that she did not appear to be mentally right. The deed recited a consideration of one dollar "and maintenance and support during my life and decent burial at my death, paid and [to] be performed by J. B. Richey." The undisputed proof is that this undertaking was not performed. Said Richey, so far as this record discloses, and he did not testify himself or offer any witness in his behalf, paid nothing toward her support, during the short period of her life, between the date of the deed and her death, and he paid nothing on funeral expenses or the expenses of her last illness. While the right to cancel for failure of consideration might be said to be personal to the grantor and not to extend to the heir, see *Priest* v. *Murphy*, 103 Ark. 464, 149 S. W. 98; *Long* v. *Long*, 104

Ark. 562, 149 S. W. 662; *Jeffery* v. *Patton*, 182 Ark. 449, 31 S. W. 2d 738, still the fact of such failure is rather cogent evidence of fraud in the procurement of the deed under the facts and circumstances here presented.

The decree is accordingly affirmed.