HARMON *v.* BELL.

4-6740                                   161 S. W. 2d 744

Opinion delivered May 11, 1942.

*Jameson & Jameson,* for appellant.

*Mayes & Mayes,* for appellee.

HOLT, J. May 1, 1941, L. F. Bell, appellee, sued L. L. Tate in the municipal court of Fayetteville, Arkansas, to recover $50 alleged due on a note, and appellant, John F. Harmon, was made garnishee. Tate being a nonresident, constructive service by publication was had upon him and writ of garnishment was served on appellant Harmon personally. The writ was made returnable on June 3, 1941, and the cause set for trial on that date.

June 3, 1941, prior to the hour of trial, appellant appeared and informed the court orally that he was not indebted to the defendant, L. L. Tate, in any sum, but he did not reply to, or answer in writing, and under oath, the allegations and interrogatories propounded to him in the writ of garnishment. The court did not enter appellant's oral answer to the writ on the docket. Later in the same day judgment was entered against appellant in the following form: "Judgment as per precedent."

September 5, thereafter, appellee's attorney filed with the municipal court precedent for judgment reciting

judgment against garnishee, appellant, for $50 and costs. October 6, 1941, execution was issued against appellant.

October 20, 1941, appellant filed petition in the circuit court for certiorari and prayed that the proceedings in the municipal court be brought up for review and that the judgment and execution against him be quashed.

October 27, 1941, appellant's motion was granted and on November 3 the circuit court of Washington county, upon a trial, found, among other things, that: "John F. Harmon, plaintiff herein and garnishee in the municipal court action, appeared in the municipal court as such garnishee on the 3rd day of June, 1941, and orally stated to the court that he was not indebted to the defendant, L. L. Tate, in any sum and had not been so indebted at any time. The court finds that said denial was not written and was not made under oath. . . .

"The court declares the law as follows: The law requires that garnishee's answer in this case must be in writing and sworn to, and since the oral denial of garnishee was not in writing and sworn to, the judgment and proceedings should be affirmed. The court declares the law to be that the record judgment and docket entries in said action show a valid judgment against the garnishee therein, John F. Harmon, and the said judgment should be affirmed." This appeal followed.

The primary contention of appellant is stated here in his brief in the following language: "Appellant contends that the answer of a garnishee is a pleading, and that the same may be oral and without verification in the municipal courts, and that it is the duty of the court to enter the same upon his docket. When a denial or answer is so entered or made by garnishee, the same discharges the garnishee unless controverted by denial by the plaintiff, which must also be entered upon the docket. If the court fails to enter the garnishee's answer this failure does not prejudice the rights of the garnishee."

As a general rule pleadings in the court of a justice of the peace may be either in writing or oral and if oral, it is the duty of the justice of the peace to record the substance thereof on his docket. Section 8389 of Pope's Di-

gest. The same rule which governs pleadings in the justice court applies to municipal courts. *Upson* v. *Robison,* 179 Ark. 600, 17 S. W. 2d 305. An exception to this general rule, however, has been clearly made in this state by statute, in garnishment proceedings, such as we have in the instant case. Whether the garnishment be issued in proceedings before a municipal court or a circuit court, the garnishee is required to answer the interrogatories propounded to him in writing and under oath, and upon his failure to answer, within the time provided, the court or justice before whom the action is pending, must enter judgment against such garnishee for the full amount specified in the plaintiff's judgment against the original defendant with costs.

Our statutes seem to be perfectly plain on this proposition. Section 6119 of Pope's Digest provides: "In all cases where any plaintiff may begin an action in any court of record, or before any justice of the peace, · . . . and such plaintiff shall have reason to believe that any other person is indebted to the defendant, . . . such plaintiff may sue out a writ of garnishment, setting forth such claim, . . . and commanding the officer charged with the execution thereof to summon the person therein named, as garnishee, to appear at the return day of such writ, and answer what chattels, moneys, . . . he may have in his hands or possession belonging to such defendant to satisfy said judgment and answer such further interrogatories as may be exhibited against him . . ."

Section 6123 provides: "The plaintiff shall, on the day on which he sues out his writ of garnishment, prepare and file all the allegations and interrogatories, in writing, with the clerk or justice issuing such writ, upon which he may be desirous of obtaining the answer of such garnishee, . . ."

Section 6124 provides: "Such garnishee shall, on the return day named in such writ, exhibit and file, under his oath, full direct and true answers to all such allegations and interrogatories as may have been exhibited against him by the plaintiff."

And § 6129 provides: "If any garnishee, after having been served with a writ of garnishment ten days

before the return day thereof, shall neglect or refuse to answer interrogatories exhibited against him on or before the return date of such writ, the court or justice before whom such matter is pending shall enter judgment against such garnishee for the full amount specified in the plaintiff's judgment against the original defendant together with his costs.''

It is conceded here that appellant's answer to the allegations contained in the writ of garnishment were oral. This amounted to a failure to answer and judgment by default was properly taken against him.

In *Wilson* v. *Phillips*, 5 Ark. 183, this court held: ''Where a garnishee fails to answer, no proof is necessary to charge him. The default admits his liability to the full extent of the plaintiff's demands.''

Appellant also contends that there was no valid judgment entered against him in the municipal court. We cannot agree to this contention. As has been indicated, the cause was tried in the municipal court on June 3, 1941, and ''judgment as per precedent'' entered against appellant on that date. Appellant testified (quoting from appellant's brief) : ''I did not make a written answer under oath denying owing anything. I did not know I had to do that. I was in the municipal court on the day the case was tried. I was there with Mr. Mayes and plaintiff Bell. I remember the note was introduced. I knew a suit was going on because I had been served with a garnishment and the reason I was there that day was because I had been made a party garnishee.''

Municipal Judge James Ptak, before whom the cause was tried, testified: ''Q. On the same day of the trial did you pronounce judgment? A. That is right.'' He further testified that he rendered judgment against appellant and ''an extensive judgment couldn't go on the docket,'' and it was agreed that precedent for the judgment be prepared.

We think it clear on the record before us that judgment was entered against appellant on June 3, 1941, the court record reciting ''judgment as per precedent.'' September 5, following, appellee's attorney filed precedent

for judgment reciting judgment against garnishee, appellant, for $50 and costs and further that garnishee failed to answer, plead or demur, and made default. While this precedent for judgment was not actually spread upon the court docket for lack of space, it was filed, and we think was sufficient.

We conclude, therefore, that the judgment should be affirmed, and it is so ordered.