Cannon *v*. Owens.

5-599                                        275 S. W. 2d 445

Opinion delivered February 14, 1955.

*Chas. F. Cole*, for appellant.

*Ben Williamson, W. G. Wiley* and *Ivan Williamson*, for appellee.

George Rose Smith, J. In 1948 Mary Vannatter paid $4,000 for fifteen acres of land and had the deed made to herself for life with remainder to the appellants, who are Mrs. Vannatter's daughter and son-in-law. After the life tenant's death the appellants brought this suit to quiet their title as against the appellees, Mrs. Vannatter's other heirs. As defenses to the complaint the appellees asserted (a) that the appellants furnished none of the consideration paid to Mrs. Vannatter's grantor, (b) that the appellants were named as remaindermen in return for their promise to support Mrs. Vannatter for the rest of her life, an obligation that was not fulfilled, and (c) that the appellants obtained their interest by duress and undue influence. The chancellor sustained the first of these defenses and therefore declined the appellees' offer of proof on the other issues.

The court was in error in holding the remainder void on the ground that the appellants supplied none of the money paid to Mrs. Vannatter's grantor. There is no requirement that each grantee share in the payment of the consideration, or, for that matter, that any consideration at all be paid to the grantor. *Ferguson* v. *Haynes,* 224 Ark. 342, 273 S. W. 2d 23. Not infrequently the remaindermen cannot even be identified when the deed is executed, as in the case of a remainder to unborn children, heirs of the body, etc.; but such conveyances are valid in spite of the fact that the remaindermen pay none of the purchase price.

The appellees also argue that the deed was ineffective as to the appellants because they were named in the granting clause but not in the habendum. Even under the strict rules of construction that were formerly observed, the granting clause was controlling when it conflicted with the habendum. Now, however, we construe a deed in its entirety, *Beasley* v. *Shinn,* 201 Ark. 31, 144 S. W. 2d 710, 131 A.L.R. 1234, and when the present instrument is so considered there can be no doubt about the parties' intention.

The cause must be remanded to afford the appellees an opportunity to make proof of their other defenses. It is true that when a promise of future support is made in good faith, the cause of action for its breach is personal to the promisee and cannot be asserted by his heirs. *Priest* v. *Murphy,* 103 Ark. 464, 149 S.W. 98; *Jeffery* v. *Patton,* 182 Ark. 449, 31 S.W. 2d 738. But nonperformance of the promise may also be evidence of fraud in the original procurement of the deed, giving rise to a cause of action that does survive the promisee's death. *Phillips* v. *Phillips,* 173 Ark. 1, 291 S.W. 802; *Richey* v. *Crabtree,* 198 Ark. 25, 127 S.W. 2d 269. Furthermore, the appellees are entitled to be heard upon their assertions of duress and undue influence. Thus the incompleteness of the proof requires a remand.

Reversed and remanded.