EAKIN *v.* CITIES SERVICE OIL CO.

5-1515                                              311 S. W. 2d 530

Opinion delivered March 31, 1958.

*J. Kenton Cochran,* for appellant.

*R. O. Mason,* Bartlesville, Okla., and *J. M. Smallwood,* for appellee.

PAUL WARD, Associate Justice. The question is: Can a grantee maintain an action to cancel, as a cloud on his title, a forged mineral deed purportedly obtained from his grantor? This question is presented on a demurrer to the grantee's complaint.

Appellant, Homer Eakin, received a deed to 40 acres of land from his father and mother (A. J. and Laura Eakin) February 20, 1933. At that time there was of record a mineral deed purportedly executed by appellant's parents purporting to convey an interest to one H. V. Foster, which mineral deed, by mesne conveyances, was transferred to appellee, Cities Service Oil Company.

On May 15, 1957 appellant filed a complaint (and later an amendment) in which it was alleged, among other things, "that the said mineral deed from A. J. Eakin and Laura Eakin, his wife, to H. V. Foster, defendant, is a forgery and does not contain the true signature of the said A. J. Eakin or Laura Eakin." There were, in the alternative, numerous allegations to the effect that the signatures of Mr. and Mrs. Eakin were secured to the mineral deed by trickery and fraud. The prayer was "that said mineral deed be cancelled, set aside and held for naught and the assignment thereof be removed as a cloud upon his title to said lands." To the above complaint appellee entered a demurrer which was sustained by the court, and appellant has appealed.

We have concluded that the allegations that the mineral deed was a forgery stated a cause of action which appellant had a right to assert, and that, therefore, the court erred in sustaining appellee's demurrer. If the mineral deed was a forgery it was a nullity and appellant, as the owner of the land, could maintain an action in Chancery Court to remove it as a cloud on his title. In 9 Am. Jur. page 361, Cancellation of Instruments, § 13 states: ". . ., it is generally held that an action will lie for the cancellation of a forged instrument, notwithstanding any remedy which the complainant has at law." A similar statement is found in 12 C. J. S. page 955, Cancellation of Instruments, § 20. In

*Hall* v. *Mitchell,* 175 Ark. 641 (at page 643), 1 S. W. 2d 59, it is said: "No one can claim that an estate in land can be divested by forgery, and every one must be subject to the risk of forgery by officers authorized to take acknowledgments."

We do not agree with appellee's contention that the right to cancel the mineral deed on the grounds of forgery could not be exercised by appellant in this case. Volume 9 of Am. Jur. at page 356 under the subhead "Who May Bring Suit" we find this statement: "Relief by way of cancellation of an instrument is not necessarily confined to a party to the instrument; after the death of the party entitled to a decree of cancellation the right may be enforced by his heirs or personal representatives, and in proper cases relief may be obtained by a stranger to the transaction, if his legal or equitable rights are affected thereby." Here, there can be no question about appellant's rights being affected.

Appellee states that appellant abandoned his allegation of forgery when he filed an amendment to his original complaint, but, after an examination of the language used in the amendment, we are unable to agree.

Prior to the time the court sustained appellee's demurrer, from which came this appeal, the court had rendered a decree in favor of appellant on warning order service, which decree was set aide two weeks later on appellee's motion. Appellant makes the contention here that the court erred in setting the decree aside because appellee did not follow the proper procedure. We find no merit in this contention for the reason that the term of court had not elapsed. This being true the court had a right to set the decree aside even on its own initiative.

Another q u e s t i o n arises which gives us much concern. Since appellant's complaint also contained allegations to the effect that A. J. and Laura Eakin were induced by trickery and fraud to execute the mineral deed, and since it is very likely there will be a trial on the merits upon remand, we foresee that appellee may

challenge appellant's right to proceed on that ground. So, to avoid unnecessary litigation, we consider that question also.

Since this question is presented to us on demurrer, thus by-passing numerous defenses that might be offered at a trial, we likewise conclude that appellant has a right to prosecute his action to set aside the mineral deed on the ground of fraud. We have held that such a right of action passes to the grantor's heirs. See: *Phillips* v. *Phillips,* 173 Ark. 1, 291 S. W. 802; *Richey* v. *Crabtree,* 198 Ark. 25, 127 S. W. 2d 269, and; *Cannon* v. *Owens,* 224 Ark. 614, 275 S. W. 2d 445. While we find no allegation in the complaint here that appellant is an heir of A. J. Eakin, yet we do find from the record that he is a son. We recognize that this feature of the case is not reached by demurrer, but it does assure the likelihood of the question being presented if and when there is a trial on the merits. By what we have said in this connection we do not pass on what appellant's right might have been had he not been an heir.

Reversed.