KAROLEY *v.* A. R. & T. ELECTRONICS.

5-2774 363 S. W. 2d 120

Opinion delivered October 29, 1962.

[Petition for Rehearing withdrawn January 14, 1963.]

*B. W. Thomas* and *Richard W. Hobbs,* for appellant.

*Lucien Wulsin, Jr., Rose, Meek, House, Barron, Nash & Williamson,* for appellee.

ED. F. McFADDIN, Associate Justice. The question presented is the validity of an order setting aside a judgment rendered against a defaulting garnishee. Dates become significant in presenting the issue to be decided:

A.   In 1959 Mary E. Karoley (appellant here) obtained judgment in the Pulaski Chancery Court against John D. Reid for $12,000.00; and the judgment remained unpaid.[1]

B.   On May 23, 1961 Karoley filed interrogatories[2] and obtained a writ of garnishment from the Pulaski

---

[1] For those interested in the ramifications of the litigation between Karoley and Reid, we give these citations; *Karoley* v. *Reid,* 223 Ark. 737, 269 S. W. 2d, 332; *Karoley* v. *Reid,* 226 Ark. 959, 295 S. W. 2d 767; *Reid* v. *Karoley,* 229 Ark. 90, 313 S. W. 2d 381; *Reid* v. *Karoley,* 232 Ark. 261, 337 S. W. 2d 648; and *Karoley* v. *Reid,* 233 Ark. 538, 345 S. W. 2d 626.

[2] The said interrogatories were:

"1.   Please state if at the time of the service of this garnishment you have any goods, chattels, moneys, credits or effects in your hands or possession belonging to the defendant, John D. Reid, and if so, the value thereof.

"2.   Please state if John D. Reid is an employee of your corporation and if so, please state if he is working under any contract of employment, verbal or written, and if so, the terms of the contract with respect to any salaries or remuneration or bonuses or other moneys to be paid to the defendant, John D. Reid.

"3.   Please state if John D. Reid, during the past five years, has been an employee of your corporation and if so, please state whether he is paid for his services on a weekly, bi-weekly, monthly, bi-monthly or annual basis and please give the exact day of the week or month during the past five years that Mr. John D. Reid has been given any pay checks or any moneys from your corporation.

"4.   Please state if John D. Reid is indebted to the corporation for any advancements as to salaries or otherwise and if so, when such advancements were made to him and the total amount thereof before the date of the service of this garnishment.

Chancery Court against A. R. & T. Electronics, Inc. (appellee here), seeking to recover from the garnishee any amounts due by it to the said Reid, who was executive vice-president of that Company.

C. The writ of garnishment was served on May 25, 1961, and the last day fixed by law for filing answers to the interrogatories was June 14, 1961. No answer or other pleading of any kind was filed within said time; but on June 15, 1961 (one day after time) there was filed a "Motion of Garnishee", which said in part:

"3. The Allegations and Interrogatories served on the Garnishee on May 25, 1961 contain matter which is beyond the scope of the Order of this Court dated January 16, 1961 and is irrelevant and beyond the scope of interrogatories permitted under the laws of the State of Arkansas.

"4. Garnishee requests the Court to issue an Order, striking Interrogatories No. 2, No. 3, No. 4, No. 5, No. 6 and No. 7 contained in Allegations and Interrogatories served on the Garnishee, May 25, 1961."

D. On June 22, 1961, the Garnishee filed an answer to Interrogatory No. 1, stating that the Garnishee was not on date of service, or at any other time thereafter, indebted to John D. Reid in any way whatsoever. This answer was several days after the time allowed by law

"5. If your answer to the foregoing interrogatory is in the affirmative, please state what you have in your possession to show as evidence of any indebtedness of John D. Reid to A. R. & T. Electronics, Inc. and state whether or not John D. Reid has executed any promissory note or made any assignments of future salaries in regard to said indebtedness and if so, the dates of the giving of such notes or other evidence of indebtedness or assignment.

"6. If you state that John D. Reid is indebted to the said corporation, please state when the said debt is due and how it is to be paid and whether or not any demand has ever been made on John D. Reid for the payment of the said debt or any part thereof and whether or not any part of the said debt, if any, has been paid by John D. Reid during the past five years or since the inception of the debt and whether or not any deductions have been made during the past five years from any pay checks given to John D. Reid, and if any deductions have been made, whether or not they have been applied toward the payment of the debt or any part thereof.

"7. Please state the exact amount of each pay check that has been given to John D. Reid during the past year after deductions for withholding taxes, social security and F.I.C.A. taxes."

for filing same, and, as aforesaid, no defensive pleading of any kind was filed within proper time.

E. Because of the failure of the Garnishee to answer or plead on or before June 14, 1961, Karoley, on June 29, 1961, moved for judgment against the Garnishee for the amount of the judgment and interest against Reid, as provided by § 31-512 Ark. Stats.; and the Chancery Court rendered such judgment against the Garnishee on June 29, 1961, and directed that execution should issue "at any time from and after the date of this decree".

F. Execution was issued, and on July 7, 1961, the Garnishee, A. R. & T. Electronics, Inc., filed its motion to have the Court vacate and set aside the judgment rendered against the Garnishee on June 29, 1961. Without proper service of said motion (§ 27-1210 Ark. Stats.), an order was made by the Chancery Court on July 7, 1961, which, in its entirety, reads:

"On this day is presented to the Court the Motion of Garnishee, A. R. & T. Electronics, Inc., in which it asks that the default judgment entered herein on June 29, 1961, be temporarily vacated, and after a hearing on the merits that the vacation of said judgment be made permanent, and that the writ of execution issued on June 29, 1961, be recalled.

"The Court being fully advised doth order that said judgment entered herein on June 29, 1961, be, and the same is hereby, temporarily vacated and the Motion of Garnishee filed herein on this date, after due notice to counsel for plaintiff, shall be heard on the merits."

G. On August 15, 1961, Karoley responded to the Garnishee's motion of July 7, 1961, to set aside the judgment. The Pulaski Chancery Court made no further orders in the case until November 15, 1961, when the Court made permanent its order of July 7, 1961. The order of November 15, 1961, recited:

"It is ordered that the order entered herein on July 7, 1961 be, and the same is hereby, made unconditional and permanent . . ."

From the said order of November 15, 1961, Karoley has appealed.[3] Able counsel have argued many nice questions in the briefs; but the decisive point is that the default judgment against the Garnishee, as rendered on June 29, 1961, was not completely and finally set aside at the term in which it was rendered; and the motion (of July 7, 1961) to set the judgment aside did not comply with the statute applicable to setting aside a judgment after the lapse of the term (§ 29-506 et seq. Ark. Stats.).

I. *The Court Was Correct In Rendering The Judgment Against The Garnishee on June 29, 1961.* The Garnishee was served[4] on May 25, 1961; and was required by law to file some pleading on or before June 14, 1961. Nothing was filed within the said time; and the case of *Harmon* v. *Bell,* 204 Ark. 290, 161 S. W. 2d 744, is directly in point. In that case the garnishee filed no responsive pleading within the time fixed by statute and judgment was rendered against the garnishee, as provided by statute (§ 31-512 Ark. Stats.).[5] When the garnishee appealed to this Court, we said: "This amounted to a failure to answer and judgment by default was properly taken against him. In *Wilson* v. *Phillips,* 5 Ark. 183, this Court held: 'Where a garnishee fails to answer, no proof is necessary to charge him. The default admits his liability to the full extent of the plaintiff's demand.' " So the judgment rendered against the Garnishee on June 29, 1961, was correct and proper.

II. *The Order Of July 7th Did Not Finally And Completely Set Aside The Judgment Of June 29th.* The terms of the Pulaski Chancery Court are the first Monday in April and October of each year (see § 22-406 Ark. Stats.). The judgment against the Garnishee was rendered on June 29, 1961, which was a day of the April Term.

[3]The order of November 15, 1961, was a final and appealable order, since it purported to vacate and set aside a judgment which had been rendered at a previous term of Court. *Raymond* v. *Young,* 211 Ark. 577, 201 S. W. 2d 583.

[4]The validity of the service on the garnishee can hardly be questioned, in view of the statement previously copied in the motion of the garnishee, in which it is stated that the allegations and interrogatories were "served on the garnishee May 25, 1961."

[5]The cited statute says ten days, but this has been enlarged to twenty days in a case like this one.

At any time during that term, the Chancery Court had the power to set aside the judgment on its own motion and without any notice whatever to either party. *Stinson* v. *Stinson*, 203 Ark. 883, 159 S. W. 2d 446; *Wright* v. *Ford*, 216 Ark. 55, 224 S. W. 2d 50; *Hill* v. *Wilson*, 216 Ark. 179, 224 S. W. 2d 797; *Eakin* v. *Cities Service Co.*, 228 Ark. 979, 311 S. W. 2d 530; and West's Digest, "Judgment" § 341.

But the order of July 7th, previously copied, did not purport to completely and finally set aside the judgment of June 29th: rather, the order of July 7th (a) recalled the execution, (b) "temporarily" vacated the judgment, and (c) stated that the motion of the Garnishee to set aside the judgment of June 29th would be heard on its merits "after due notice to counsel for plaintiff".

If the order of July 7th had been intended to finally and completely vacate the judgment of June 29th, then the order certainly would not have used the word "temporarily", and would not have stated that the motion to vacate would be heard on its merits "after due notice to counsel for plaintiff".

The word "temporarily" is the vital word in the order of July 7th, and discloses that the Court recognized that something more had to be done before the judgment of June 29th would be finally and completely set aside. Webster's Dictionary defines "temporarily" as meaning "for a brief period", or "during a limited time". In the early case of *Knox* v. *Bierne*, 4 Ark. 460, this Court had occasion to consider the word "temporarily", and said that it meant something other than "permanent or lasting". A reading of that opinion is convincing that "temporarily" means for a very limited time—really only slightly more than the immediate present. The power of the Court to permanently set aside that judgment of June 29th was complete during the April 1961 term; but at the expiration of that term, the Court had no further power to set aside the said judgment against the Garnishee except by following the statute (§ 29-506 *et seq.* Ark. Stats.). The Garnishee failed to ask the Court to further act on the matter at the April 1961 term.

III. *The Court Had No Power After The Term To Set Aside The Judgment Of June 29th.* As previously stated, the terms of the Pulaski Chancery Court are the first Monday in April and October of each year (§ 22-406 Ark. Stats.), and the judgment of June 29th was rendered in the April 1961 term. After the lapse of the April term, the Chancery Court did not have the power to set aside the judgment of June 29th, unless the Garnishee complied with § 29-506 *et seq.* Ark. Stats., or filed bill of review.[6] *Terry* v. *Logue,* 97 Ark. 314, 133 S. W. 1135; *Raymond* v. *Young,* 211 Ark. 577, 201 S. W. 2d 583; *Wright* v. *Ford,* 216 Ark. 55, 224 S. W. 2d 50; *Jamieson* v. *Jamieson,* 223 Ark. 845, 268 S. W. 2d 881. This is not a proceeding by bill of review; and in the oral argument before this Court, counsel for the Garnishee, with admirable frankness, conceded that the motion (to set aside the judgment) filed on July 7, 1961, did not comply with the statutory requirements for setting aside a judgment after the lapse of the term. We find such concession to be true.

The judgment of November 15, 1961, attempting to permanently set aside the judgment of June 29, 1961, was rendered at the October 1961 term of the Chancery Court, and was not supported by the jurisdictional essentials prescribed by § 29-506 *et seq.* Ark. Stats. In criminal cases, a motion for new trial must receive final court action at the same term of the court at which judgment was rendered against the accused (see § 43-2202 Ark. Stats. and *Town of Corning* v. *Thompson,* 113 Ark. 237, 168 S. W. 128); so the cases involving motions for new trial in criminal cases are analogous to the cases on setting aside a judgment after the term in civil matters. In *Siloam Springs* v. *McPhitridge,* 53 Ark. 21, 13 S. W. 137, defendant McPhitridge was tried in the Circuit Court and judgment of conviction rendered against him on September 27, 1887. We copy from the opinion of this court in that case:

---

[6] Of course, the statute regarding setting aside final judgments after the term, has no application to temporary injunctions. *Hardy* v. *Hardy,* 217 Ark. 296, 230 S. W. 2d 6; *Carter* v. *Olsin,* 228 Ark. 629, 309 S. W. 2d 328.

". . . at the same term of the court, he filed his motion for a new trial and in arrest of judgment, and the record says, 'which motion is by the court taken under advisement, and hearing of said motion is continued. And it is ordered by the court that the execution of the judgment rendered in this cause be suspended until decision by the court upon said motion.' "At the next term of the court, on April 20, 1888, the court sustained said motion in arrest of judgment, set aside the judgment entered at the preceding term, and gave judgment against appellant for the whole cost of the prosecution. "This was beyond the power of the court. Its judgment upon the verdict convicting McPhitridge became final at the end of the fall term, and the pendency of the motion for new trial and in arrest and the order suspending execution of the judgment did not prevent the result. Had the court desired to reserve the matter of the motion for consideration, it should have set aside the judgment at the fall term. The judgment of September 27, 1887, is still in full force, and the order setting it aside is quashed as upon *certiorari.*" [7]

In *Mayor of Little Rock* v. *Bullock,* 6 Ark. 283, judgment by default was taken against Field and Jeffries at the March 1840 term of the Circuit Court. At the March 1841 term, Bullock and Field appeared and moved to have the judgment set aside and showed that the City of Little Rock had consented. The judgment was set aside, but, on appeal, this Court said:

"After the term at which the judgment by default, and writ of inquiry, and final judgment were rendered thereon, the cause was no longer under the jurisdiction and control of the court, or the parties. The court not having the power to re-open the cause, it could not be done by the consent of the parties, for consent cannot confer jurisdiction. All the proceedings had in this cause subsequent to the final judgment at the March term, 1840, must be considered as *coram non judice,* and therefore void.

---

[7]See also *Feild* v. *Waters,* 148 Ark. 325, 229 S. W. 735, involving motion for new trial in a civil case, decided before Act No. 555 of 1953.

"The appeal not having been taken at the term at which that judgment was rendered, the same must be dismissed."

## CONCLUSION

Since the judgment of June 29th was not finally and completely vacated at the term at which it was rendered, and since, on the motion before it, the Chancery Court had no power at the October 1961 term to set aside the judgment rendered on June 29, 1961, it therefore follows that the judgment of June 29, 1961 is in full force and effect, and the order setting it aside is a nullity. The cause is remanded with directions to the Chancery Court to set aside its order of November 15, 1961, and permit Karoley to have execution on her judgment of June 29, 1961.

GEORGE ROSE SMITH, J., not participating.