PROFESSIONAL ADJUSTMENT BUREAU, INC. *v.*
Perry WILLIAMS d/b/a Siloam Springs, Ready Mix

89-87                                    773 S.W.2d 824

Supreme Court of Arkansas
Opinion delivered July 10, 1989

*Jeff Slaton*, for appellant.

No brief filed.

ROBERT H. DUDLEY, Justice. This appeal arises from an order vacating a default judgment. Appellant, Professional Adjustment Bureau, Inc., obtained a judgment against James C. Tucker, judgment debtor. On July 12, 1988, appellant alleges that it served a writ of garnishment and interrogatories by certified mail on appellee, Perry Williams d/b/a Siloam Springs Ready Mix. On appellant's motion, the trial court subsequently entered a default judgment against appellee finding that appellee had failed to answer the writ of garnishment in the time required by law.

Appellee filed a motion to set aside the garnishment. A hearing was held on the motion. Kathryn Edgmon, an employee of appellee who was authorized to receive certified mail on its behalf, testified that she opened the envelope and found the interrogatories, but that there was no writ of garnishment. She answered the interrogatories, and mailed them to appellant's attorney on July 14, 1988; however, nothing was filed in the circuit court. It is undisputed that the interrogatories, by themselves, gave no notice as to when answers should be returned, where they should be filed, nor what the consequences of a failure to answer would be.

The trial court made no finding on the question of

whether a writ of garnishment, containing the notice provisions, was included in the envelope opened by Ms. Edgmon. Rather, the trial court found that the answers mailed by Ms. Edgmon to appellant's attorney substantially complied with the law. On that basis, the court issued its order granting the motion to set aside judgment and vacating the garnishment. We reverse and remand.

Appellant argues on appeal that the trial court erred in finding that appellee substantially complied with the law by forwarding answers to appellant's attorney. The argument has merit.

The only evidence of a response is the July 14 letter written by Ms. Edgmon and mailed to appellant's attorney. There was no evidence that it was filed in circuit court. Thus, as the record stands, the trial court found substantial compliance in the mailing of an unverified letter to the judgment creditor's attorney.

The trial court erred in doing so because appellee's response, while timely, was not filed in court as required by Ark. Code Ann. § 16-110-404 (1987):

> The garnishee *shall*, on the return day named in the writ, exhibit and *file*, under his oath, full, direct, and true answers to all such allegations and interrogatories as may have been exhibited against him by the plaintiff. [Emphasis added.]

We have consistently required strict adherence to garnishment procedures. See, e.g., *Karoley* v. *A. R. & T. Electronics*, 235 Ark. 609, 363 S.W.2d 120 (1962) (default judgment proper where nothing filed in response to writ within time allowed); and *Harmon* v. *Bell*, 204 Ark. 290, 161 S.W.2d 744 (1942) (default judgment proper where garnishee orally answered allegations). This same sort of strict adherence has been required in cases governed solely by the Rules of Civil Procedure. See, e.g., *Allstate Ins. Co.* v. *Bourland*, 296 Ark. 488, 758 S.W.2d 700 (1988); and *Webb* v. *Lambert*, 295 Ark. 438, 748 S.W.2d 656 (1988).

Accordingly, the trial court's order setting aside and vacating the default judgment must be reversed. However, we also remand this case for the trial court to make a specific finding on whether or not the writ of garnishment was enclosed along with

the interrogatories because without the notice provided by the writ of garnishment, default judgment would not be proper.

Reversed and remanded.

NEWBERN, J., not participating.