Scott vs. Scott.

---

Scott, Appellant, .vs. Scott, Respondent.

*November 17 — December 11, 1894.*

*Conveyance of land: Contract for support: Setting aside for nonperformance: Homestead: Abandonment.*

In an action to set aside a conveyance by plaintiff to his daughter-in-law of eighty acres of land, including his homestead, and a contract by which she was to allow him to occupy one room and to pay him $30 annually, or in lieu thereof to furnish him comfortable board and clothes, the evidence is *held* to sustain findings of the trial court to the effect that plaintiff had left the premises without cause and had abandoned the same as a homestead; that the defendant had been ready and willing to perform the contract on her part; and that there was no ground for setting aside the deed or the contract.

Appeal from a judgment of the circuit court for Clark county: W. F. Bailey, Circuit Judge. *Affirmed.*

The plaintiff is nearly eighty years of age, and the defendant's husband, George W. Scott, is his only child. In April, 1887, the plaintiff purchased the eighty acres of wild land in question for $200, and he and his son, George W., erected a frame house upon the south forty acres thereof, and together they occupied the same as a homestead. On September 2, 1887, the plaintiff conveyed the eighty acres to the said George W., and at the same time took back a life lease. On January 25, 1889, the said George W. and wife (the defendant) conveyed the eighty acres to the plaintiff by warranty deed. Soon after, and in 1889, the plaint-

Scott vs. Scott.

iff married one Mary C. Converse. After living together about six weeks they separated and have not since lived or cohabitated together. In 1891 the plaintiff began an action for a divorce from said Mary C., and October 26, 1891, the parties stipulated as to the alimony to be paid.

On October 27, 1891, the plaintiff conveyed the whole of the eighty acres to the defendant by a warranty deed, taking back from her a contract of the same date, wherein it was agreed that the defendant should occupy and cultivate the premises, and keep them in good repair and pay the taxes, and allow the plaintiff to occupy one room, and to furnish or pay to him annually, November 1, $30, or in lieu thereof furnish him comfortable board and clothes. On February 16, 1892, the plaintiff conveyed the eighty acres by warranty deed to his brother-in-law, Henry Barnett. On April 21, 1892, the plaintiff and his wife, the said Mary C., conveyed said eighty acres to said Henry Barnett by warranty deed. On August 8, 1892, said Henry Barnett and wife conveyed said eighty acres to the plaintiff by a quitclaim deed.

On October 1, 1892, this action was commenced to set aside the deed from the plaintiff to the defendant, and the contract taken back, on the ground of nonperformance. The defendant answered by way of admissions and denials and allegations of performance. At the close of the trial the court made findings of fact to the effect stated, and also to the effect that George W., at the request of his father, assisted him in the construction of the house and barn upon said premises, and in clearing up twenty-five acres of said land, on the plaintiff's promise that the same should be his home; that the value of the premises is $600; that the defendant fully and faithfully performed her part of said contract, and that the plaintiff's charges of maltreatment and misuse were not sustained by the evidence; that January 5, 1892, the plaintiff left the premises without cause, and with

no intent of returning, and abandoned the same as a homestead; that the defendant had been ready and willing and offered to pay to the plaintiff the $30 annually, but he refused to receive the same.   And the court found as conclusions of law that on and after April 21, 1892, the premises had ceased to be, if they ever were, the homestead of the plaintiff, and that when he received the deed from Henry Barnett, August 8, 1892, the title to the premises vested in the defendant by virtue of the covenant of warranty contained in the original deed from plaintiff to her; that there is no equity in the bill; and that the same be dismissed for want of equity. From the judgment entered accordingly the plaintiff appeals.

The cause was submitted for the appellant on the brief of *O'Neill & Marsh*, and for the respondent on that of *Cady & Cole*.

CASSODAY, J.   We are constrained to hold that the findings of the court are sustained by the evidence.   This is on the assumption that the evidence printed in the case is a part of the record.   From the facts stated, it is manifest that the plaintiff abandoned the premises as a statutory homestead.   There does not appear to be any substantial ground for setting aside the deed from the plaintiff to the defendant, nor the contract between her and the plaintiff. The plaintiff's rights respecting the premises are specifically stipulated in the agreement.   Both parties are bound by, and should faithfully perform, that agreement.

*By the Court.*— The judgment of the circuit court is affirmed.