ANNIE GRANT *vs.* HENRY L. BELL *et ux.*

PROVIDENCE—JUNE 29, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Equity. Trusts. Conveyance of Land on Agreement for Support. Contracts.*

While a conveyance of property upon an agreement for the support of the donor is not often in form a trust, it is usually such in fact, and upon breach it is more consonant with the principles of equity to treat it as an implied trust renounced by the donee than as a mere contract.

A bill in equity seeking a reconveyance of land conveyed upon an agreement for the support of the donor will, after breach by donee, be sustained, the latter being placed in *statu quo*.

BILL IN EQUITY on grounds set forth in opinion. Heard on bill, answers, and proof. Relief granted.

STINESS, C. J. The complainant sues for a reconveyance of a lot of land, with a house thereon, which she conveyed to the respondents upon an agreement for her support by them and the payment of $300. The respondents deny that they made such an agreement but it is shown by a preponderance of the testimony. The complainant lived with them after the transfer, and the testimony of the respondents as to this

fact strongly corroborates the inference that they made an agreement to support her; for they urge that there was no breach of the contract, because they had supported her. The support began after the giving of the deed in question, the complainant having been previously supported by another daughter, when the latter held title to the property in the same way. There was also direct evidence of the contract.

If there was such a contract, it was not performed; but, even so, the respondents claim (1) that the complainant is not entitled to relief until she has reimbursed the respondents for what they have paid out on the property in taxes, reduction of mortgage, etc.; and (2) that she can not recover in this proceeding.

As to the first point, the bill asks for a reconveyance after an account, under which the rights of all parties can be protected.

The second point is one of law, under which it is claimed that a conveyance can not be set aside for non-performance of a contract.

It is undoubtedly true, as a general rule, that a deed will not be set aside in equity, for breach of a contract, when the party injured has an adequate remedy at law. It is also true that the common grounds for setting aside a deed are fraud, accident, or mistake. The cases relied on by the respondents go no further than this. In *Lindsey* v. *Lindsey*, 62 Ga. 546, where a deed was given by a father to a son upon a contract that the son should support his father, and the son was able to do so, it was held that, as the question was whether the son had previously supported the father, it involved an executed contract with damages recoverable at law. So also in *Devereaux* v. *Cooper*, 15 Vt. 88. In *Keltner* v. *Keltner*, 6 B. Mon. (Ky.) 40 it was held that the remedy should be by specific performance. In *Scott* v. *Scott*, 89 Wis. 93, the court found that the father had abandoned the home and refused to receive what the son had agreed to pay. Clearly, under these facts, the court could not set aside the father's deed.

On the other hand, it may be said that conveyances of this kind create a continuing obligation on the part of the grantee,

in the nature of a trust, for which a remedy at law on the contract is neither adequate nor reasonable. This is clearly stated in *Wampler* v. *Wampler*, 30 Gratt. 454 (1878), quoted in *Lowman* v. *Crawford*, 99 Va. 688 (1901), as follows: "Must the grantors bring their suit every six months or twelve months for a failure upon the part of the grantee to supply them with food and clothing? And in the meantime, having conveyed their all to the grantee, having deprived themselves of the means of support, must they suffer and starve until by suits at law and executions they could compel the grantee to supply them with the means of support?"

The remedy at law would also involve a multiplicity of suits. (1) While such contracts are not often in form a trust, they are usually in fact a trust. One under the stress of infirmity or age surrenders his property to another, for relief from care and anxiety, and receives in return an assurance of support. The result, so far as the donor is concerned, would be no different if he had made an express deed of trust. The parties do not contemplate a mere contract, but an obligation binding in conscience as well as in law. The arrangement rests in confidence on the part of the grantor. It would, indeed, be a hard rule, when the feeble party has fully performed his part of the contract in the hope of security and quiet, to require him to spend the remainder of his life in lawsuits to compel performance by the other party. Even the remedy in equity by a decree for specific performance might require repeated applications to the court.

We think it is much more consonant with the principles of equity to treat this as an implied trust, renounced by the donee, than to treat it as a mere contract.

This view is fully sustained by *Penfield* v. *Penfield*, 41 Conn. 474; *McClelland* v. *McClelland*, 176 Ill. 83; *Cooper* v. *Gum*, 152 Ill. 471; *Chadwick* v. *Chadwick*, 59 Mich. 87; *Reid* v. *Burns*, 13 Ohio St. 49; *Lane* v. *Lane*, 50 S. W. Rep. 857 (Ky.).

We are, therefore, of opinion that the complainant is entitled to relief. Of course, this relief must put the parties *in statu quo*, and the respondents should be allowed for proper disbursements for the benefit of the estate, such as reduction

of mortgage, future insurance, and the like, which she would have to pay, if she had retained the property, or which enure to her benefit.

The case will go to a master to take an account for rent and disbursements.

*John W. Daniels*, for complainant.

*Claude J. Farnsworth*, for respondents.