WHITTAKER v. TRAMMELL.

Opinion delivered May 18, 1908.

1. DEED—FAILURE OF CONSIDERATION—REMEDY.—Where the consideration of a deed is the grantee's undertaking to support the grantor, and the grantee fails to comply with such undertaking, the grantor's

remedy is either to sue at law for the amount of the consideration as it shall become due, or else to treat the contract as void, and sue in equity to cancel it. (Page 254.)

2. CONTRACT—BREACH—PARTIES.—Where a husband and wife conveyed their homestead to their son in consideration of his undertaking to support them during their lives, and the husband died, in case of a breach of such undertaking the cause of action was in the surviving wife. (Page 254.)

3. REAL PROPERTY—REVERSION.—Where a homestead was conveyed by a husband and wife to their son, upon condition that if the son die first the land should revert to the grantors, and the husband died before the son, there is no possibility of reversion in the husband's heirs, since, if the son should die before the wife, the estate would vest in her, and not go to his heirs. (Page 254.)

Appeal from Sebastian Chancery Court; *J. Virgil Bourland,* Chancellor; reversed.

### STATEMENT BY THE COURT.

This is a suit brought by appellees as the heirs at law of Thomas P. Whittaker, Sr., deceased, against appellant in the Sebastian Chancery Court to cancel and set aside a deed executed by Thomas Whittaker, Sr., and wife to appellant, Thomas Whittaker, Jr. The grounds upon which the relief is based are duress and undue influence.

The undisputed facts are that Thomas Whittaker, Sr., and wife executed a deed to their homestead to Thomas Whittaker, Jr., in May, 1901. The consideration expressed in the deed was $500, but the real consideration was that the grantee should support the grantors, who were his father and mother, during their natural lives, and was evidenced by a separate instrument in writing, which contains the following provision: "Said T. P. Whittaker, Jr., agrees to support the said T. P. Whittaker, Sr., and Maggie Whittaker, his father and mother, during their natural lives, in the event he outlives them; and, in case the said T. P. Whittaker, Jr., dies first, the land described in the above mentioned deed shall revert to the aforesaid father and mother."

Thomas Whittaker, Sr., died in August, 1902, and was 80 years old at the time of his death. Thomas Whittaker, Jr., lived with his parents up to the time of his father's death, and his mother now lives with him.

Appellees adduced evidence tending to show that appellant treated his parents unkindly, and that he threatened to leave them unless they conveyed the land in controversy to him. One of the daughters testified that her father's mind seemed to be very good for an old man, but that she did not think he was capable of attending to business such as making a deed. Opposed to this is the testimony of appellant, of his brother, of the widow of deceased and his family physician, to the effect that his mind was clear, and that he was rational up to the time of his death. His widow said that she and her husband talked the matter over for several years before the deed was executed. That the other children had all married off and left home. That her son never insisted upon the deed being made, and never threatened to leave home. That the deed was satisfactory to her and her husband when it was made, and that it is still satisfactory to her.

After his father's death, appellant took his mother to live with him on another farm he had purchased. He sold the land in controversy partly for cash and took the notes of the purchaser for the deferred payments.

His mother testifies that she is satisfied with this sale, and wants it to stand.

A decree was rendered, in which that part of the purchase price received by Thomas Whittaker, Jr., and the deferred payments due from the purchaser, on account of the sale of the lands in controversy, was impounded and ordered paid into the registry of the court, to be there held subject to the orders of the court.

An appeal was taken to this court.

*T. B. Pryor,* for appellant.

1. The decree is not responsive to the issues in the cause. It forced on appellant a relief (so-called) neither prayed for nor desired. 18 Ark. 85; 11 *Id.* 120; 22 *Id.* 10.

2. The only issue is whether the deed was void for failure to comply with the contemporaneous contract, which was the only consideration. This contract, at most, created a trust estate, and did not convey a fee simple title. Maggie, the mother, is the only *cestui que trust,* and upon the contingency suggested

by the court the title would revert to her, as the doctrine of entirety and survivorship obtains in this State. 61 Ark. 388; 63 Id. 289.

Hart, J., (after stating the facts). The allegations of the complaint that the execution of the deed was procured by duress or undue influence were not sustained by the evidence. The chancellor did not so find. He seems to have proceeded upon the theory that the estate of Thomas Whittaker, Jr., was liable to be defeated in his lifetime upon condition of his failure to support his mother, and also that there is a possibility of reversion in the heirs of Thomas Whittaker, Sr., if Thomas Whittaker, Jr., should die in the lifetime of his mother.

Upon the first proposition, the law is that where the consideration of a deed is the grantee's undertaking to support the grantor, and the grantee fails to comply with such undertaking, the grantor's remedy is either to sue at law for the amount of the consideration as it would become due, or else to treat the contract as void, and sue in equity to cancel it. *Salyers* v. *Smith,* 67 Ark. 526.

In the present case, there has been no breach of the contract, and, if there had been, Margaret Whittaker, the surviving grantor, being *sui juris,* alone would have a right of action.

We do not think there is a possibility of a reversion in the heirs of Thomas Whittaker, Sr., deceased. Considering the deed and agreement as one instrument, the land was conveyed to Thomas Whittaker, Jr., with the reversion in his father and mother if he should die before either of them. The father being now dead, if Thomas Whittaker, Jr., should die before his mother, the estate would vest in her, and would not go to the heirs of Thomas Whittaker, Sr., deceased. Any other construction would defeat the purpose of the deed.

The deed was executed to provide a means of support to Thomas Whittaker, Sr., and his wife, in their old age, and for their mutual benefit. The land was their homestead, and could not be conveyed without her joining in the deed.

Margaret Whittaker expressed herself as satisfied with the conveyance made by her son, Thomas Whittaker, Jr., and the other heirs having no interest in the land are not in a position to complain.

Reversed and remanded with directions to dismiss the complaint for want of equity.