FEIBELMAN *v.* HILL.

## Opinion delivered December 22, 1919.

1. SPECIFIC PERFORMANCE—MUTUAL RESCISSION—SUFFICIENCY OF EVIDENCE.—In a purchaser's action for specific performance, a finding of the court that there had been no rescission by mutual consent *held* not against the preponderance of the evidence.

2. VENDOR AND PURCHASER—TIME AS OF ESSENCE OF CONTRACT.—Time is not of the essence of a contract for the sale of land where the contract did not expressly so stipulate, and such condition did not necessarily result from the nature and circumstances of the contract.

3. VENDOR AND PURCHASER—TENDER OF PAYMENT.—Where time was not of the essence of a contract for the purchase of land, tender of payment by the purchaser before the vendor had made an attempt to declare a forfeiture entitled the purchaser to a conveyance of the land.

4. APPEAL AND ERROR—HARMLESS ERROR.—In an action by a purchaser of land for specific performance, an excessive allowance by the court by way of abatement to extent of the dower interest in the vendor's wife, in the event of her refusal to join in the conveyance was harmless where the vendor declared that she was ready to join in the deed if the court decreed specific performance.

Appeal from Chicot Chancery Court; *E. G. Hammock,* Chancellor; affirmed.

*Streett & Burnside,* for appellant.

1. The court erred in decreeing performance of acts not provided for by the instrument sought to be enforced.

2. The finding as to the inchoate dower right of the wife is without evidence to support it and arbitrary and unjust.

3. The facts do not justify the decree in enforcing specific performance, as nothing had been paid on the contract, and the evidence clearly establishes a rescission of the contract. Appellant under the proof has the greater equities, while appellee has enjoyed the benefits while appellant has sustained the losses. Courts of equity always reserve the right of exercising a sound discretion in suits for specific performance, and generally

refuse relief where the case is not ·clear or where the complainant is in the wrong, and refuse to interfere. 34 Ark. 663.

*J. R. Parker,* for appellee.

Reviews the evidence and pleadings and contends that the decree is supported by the evidence and is right and just. It was charged in the complaint that the inchoate right of dower was one-third the purchase price of the land, and this was not denied in the answer and cross-complaint, and hence must be taken as true. 91 Ark. 30. But appellant guaranteed that he and his wife would make a good deed, and the decree is supported by the great preponderance of the evidence.

McCULLOCH, C. J. This is an action instituted by appellee in the chancery court of Chicot County against appellant to compel specific performance of a contract entered into by these parties for the sale by appellant to appellee of a tract of land in that county containing eighty acres. There was a written contract dated July 21, 1913, whereby appellant agreed to sell the land in controversy to appellee for the price of $1,000, payable in five equal annual installments, due December 1. 1914. and thereafter, with interest at the rate of ten per centum per annum from date until paid, and agreed to execute to appellee a deed on payment of said notes at maturity. The clause in the contract with respect to appellant's obligation to convey the land reads as follows:

"Now, if the said promissory notes are paid at maturity, then and in that event I bind myself or heirs to make said M. H. Hill a quitclaim deed to the above described lands; and when said notes are paid according to the tenor of this instrument, then this instrument is to be null and of no effect."

Appellee alleged in his complaint the execution of the contract, his occupancy of the land thereunder, and the payment of some of the interest on the notes, and also alleged that he had on the 27th of November, 1918, made a tender to appellant of the full amount of the notes, to-

gether with the balance of the unpaid interest, but that appellant had refused to execute a deed in compliance with the contract. Appellant filed his answer and cross-complaint admitting the execution of the contract, but denying that appellee had paid anything on the notes, and alleging that in the year 1918 the contract had been rescinded by mutual agreement, and that appellee had agreed to pay rent for the year 1918. The prayer of the cross-complaint was that appellant recover the amount of rents, and also recover possession of the land in controversy. The cause was heard on oral testimony, and the chancellor found in favor of appellee and decreed specific performance.

There is a sharp conflict in the testimony as to whether appellee paid any of the interest on the notes, and also as to the issue concerning the alleged rescission of the contract by mutual agreement. Appellee testified that he paid the interest on the notes due in 1915 and 1916, respectively, but had never paid any of the principal of the notes. He testified that in January, 1917, he went to see appellant and offered to pay all of the notes and interest, but that appellant declined to accept it or to make a deed, and that he also made a tender on November 27, 1918, and demanded a deed, which appellant refused to execute.

Appellant was a merchant, and, according to the testimony, appellee traded with him from year to year for supplies. Appellee testified that he spent a considerable sum of money in improvements, especially in building a house, and in rebuilding it after it was practically blown away by a storm in the fall of 1916. Appellant admitted that appellee offered in January, 1917, to borrow the money and pay off the purchase money notes, but that he declined to accept payment on the ground that there had been a forfeiture, and that appellee agreed to pay rent. He testified that appellee remained in possession of the land during the year 1917 pursuant to his agreement to pay rent, but failed to pay the rent as promised, and in the early part of 1918 entered into another agreement to

rescind the contract and to buy the place under a new contract for the price of $3,000. This was all denied by appellee in his testimony, and there was no other testimony in the case corroborative of either of the parties, except that of Doctor Easterling, who testified that he accompanied appellee when he made the last tender to appellant, and that appellant did not make any claim concerning the alleged rescission of the contract, but refused to make the deed or accept the money on the ground that there had been a forfeiture.

We cannot say that the chancellor's findings on the issues of fact were against the preponderance of the evidence, and we must, therefore, accept as correct the findings that there had been no rescission of the contract by mutual consent. Time was not of the essence of the contract since the parties did not so expressly stipulate, nor does it necessarily result from the nature and circumstances of the contract. *Atkins* v. *Rison,* 25 Ark. 138; *Butler* v. *Colson,* 99 Ark. 340.

Appellee continued in possession under the contract and made a tender of payment before there was any attempt to declare a forfeiture. The chancellor was, therefore, correct in refusing to uphold appellant's attempt to enforce a forfeiture and in decreeing specific performance. *Turpin* v. *Beach,* 88 Ark. 604.

Appellee in his complaint alleged that appellant had a wife, and he asked the court to abate the purchase price to the extent of the value of the inchoate dower interest in the event appellant's wife refused to join in the conveyance, and the court made such finding and ordered the abatement in accordance with the prayer of the complaint in the event appellant's wife refuses to join in the conveyance. It is argued that there is no testimony in the record to support the finding of the chancellor as to the value of the inchoate dower right of appellant's wife, but it is unnecessary to go into this question, inasmuch as appellant declared before the court that he was ready to make the deed if the court so decreed, and that his wife would join in the conveyance. It became unneces-

sary, therefore, to take proof as to the value of the inchoate dower interest of the wife, and the excessive allowance made by the court by way of abatement is not material for the reason that it will not become effective, for the reason that appellant declared his purpose of delivering a deed in which his wife would join in accordance with the decree of the court.

The decree is, therefore, affirmed.