WHEELER v. WENDLETON.

4-7806                                          191 S. W. 2d 952

Opinion delivered January 21, 1946.

*Ross Mathis,* for appellant.

*John D. Eldridge, Jr.,* for appellee.

Robins, J. This suit was begun by appellee, who alleged in his complaint that he was the owner of a forty acre tract in Woodruff county, Arkansas, which, though taxes for that year had been paid, had been erroneously forfeited to the state for nonpayment of taxes of 1927, and had been conveyed by the state to W. S. Hunt, and that Hunt, after agreeing in writing to surrender the land to Mrs. Maud Richardson through whom appellee claims title, conveyed same to appellant. Appellee prayed for cancellation of these conveyances and for quieting of his title.

Appellant denied that appellee had any title to the land. She admitted that the written agreement to surrender the land had been executed by Hunt, her grantor, with her knowledge, but alleged that the consideration therefor was the promise on the part of appellee's predecessor in title to pay Hunt and appellant all sums expended for taxes and for clearing part of the land, which promise she averred had never been performed. By an amendment to her answer appellant pleaded as additional defenses the two-year statute of limitations (§ 8925 of Pope's Digest) and the seven-year statute of limitations (§ 8918 of Pope's Digest), alleging that from the date of Hunt's donation certificate, February 7, 1931, Hunt and appellant had been in adverse possession.

The lower court found that the donation deed executed to W. S. Hunt was void because the taxes for nonpayment of which the land had been forfeited to the state

had, in reality, been paid, canceled this donation deed and also the deed of W. S. Hunt to appellant, quieted title in appellee, found that the rental value of the land more than offset the value of improvements made and taxes paid by appellant and her grantor, and rendered judgment in favor of appellee against appellant for $60 for rent for 1945. Appellant has appealed from this decree.

This land was originally owned by Mrs. Maud Richardson, who mortgaged it to Bennie Forrester. When Forrester brought foreclosure proceedings against Mrs. Richardson, she procured her son, the appellee, to purchase the land from Forrester, who bid it in at the commissioner's sale held pursuant to the foreclosure decree. Forrester transferred his certificate of purchase to appellee, to whom the commissioner executed his deed on January 10, 1938.

Two days after Hunt, who was the father of appellant, obtained his deed from the state he executed the following instrument:

"To Mrs. Maud Richardson,

"This is to certify that I am vacating your land described as the NE¼ of the NW¼ of section 22, Twp. 5 R. 1 in Caney Township, Woodruff county, Arkansas, and turning it back to your possession, as I realize it is rightfully yours, and was certified to the state through an error in the tax books of Woodruff county, Arkansas.

"W. S. Hunt (his x mark)
"Witness Anna Wheeler

"Subscribed and sworn to before me this the 10 day of Feb. 1934."

Appellant, who actually signed her father's name to this writing, and in her testimony admitted the execution of this writing, said that it was signed by her for her father in consideration of Mrs. Richardson's promise to re-imburse Hunt for his expenditures on the land, but that nothing had ever been paid thereon.

It is not necessary for us to decide whether Hunt's title under his donation deed was good, because after he had received his deed from the state he executed the writing, apparently based on a valid consideration, which writing, though crude in form and not acknowledged, was sufficient to evidence an agreement on the part of Hunt to release and quitclaim his interest in the land to Mrs. Richardson.

The fact that the consideration for this agreement was not paid would not revest the title in Hunt, but would only give him a right to enforce collection of the amount due him for his improvements and taxes. 16 Am. Jur., p. 476. The rule is that in the absence of a provision in the contract that time of payment of purchase money is of the essence of the agreement, failure to pay the purchase price does not operate as a rescission of the contract to sell. *Smith* v. *Berkau,* 123 Ark. 90; 184 S. W. 429; *Feibelman* v. *Hill,* 141 Ark. 297, 216 S. W. 702; *Bothe* v. *Noack,* 149 Ark. 297, 232 S. W. 606.

With the title of Hunt under his donation deed eliminated, as it must be in view of his written agreement, the only defense left to appellant was her plea of adverse possession for seven years. The proof showed that neither appellee nor Mrs. Richardson had, from the time Hunt executed the agreement to surrender the land, ever been in actual occupancy of the land, but there was testimony from which the lower court could have found that the possession of appellant was not so adverse or continuous for such a length of time as to ripen into title; nor was there any testimony to show that after Hunt had executed the above relinquishment he or his daughter, the appellant, ever brought home to appellee any notice that either of them was holding adversely to appellee. The lower court also found that the rental value of the land was more than sufficient to repay appellant and her grantor for improvements and taxes, thereby discharging the obligation assumed by Mrs. Richardson when Hunt agreed to surrender the land to her. We cannot say that these findings of the lower court are

against the weight of the testimony. Therefore, under our long established rule, we may not disturb them. *Greer* v. *Fontaine,* 71 Ark. 605, 77 S. W. 56; *Hinkle* v. *Broadwater,* 73 Ark. 489, 84 S. W. 510; *Arnold* v. *Mc-Bride,* 78 Ark. 275, 93 S. W. 989; *Taylor* v. *Rudy,* 99 Ark. 128, 137 S. W. 574; *Midyett* v. *Kerby,* 129 Ark. 301, 195 S. W. 674; *Haydon* v. *Haydon,* 203 Ark. 1147, 158 S. W. 2d 689; *Bush* v. *Bourland,* 206 Ark. 275, 174 S. W. 2d 936; *Ellis* v. *Blankenship,* 207 Ark. 739, 182 S. W. 2d 756.

Accordingly the decree of the lower court is affirmed.