238

4-9167                                            229 S. W. 2d 244

Opinion delivered May 1, 1950.

*Mark E. Woolsey,* for appellant.

*Yates & Yates,* for appellee.

ED. F. MCFADDIN, Justice. This is a suit seeking to cancel, for failure of consideration, a deed which appellant had executed to appellee.

On February 10, 1944, George W. Euin and wife (hereinafter called appellants) executed and delivered a deed of their 70-acre farm to their son and daughter-in-law, Jesse and Archie Euin, the consideration being:

". . . the care, keep, namely a comfortable home for the remainder of our lives, with food, medical care, clothing and a comfortable place to live furnished, . . ."

On September 10, 1945, the son, Jesse Euin, died; and the daughter-in-law, Archie Euin, continued to attempt to perform the consideration of the said deed.

In the Fall of 1948, Archie Euin began "dating" Mr. Faubus. This was displeasing to her parents-in-law, and two quarrels ensued in December; but the daughter-in-law continued to live with the Euins until January 7,

1949, when she married Mr. Faubus and moved to his home about twenty miles away. Before leaving the Euin homestead, the daughter-in-law, Archie Euin Faubus, arranged to have Mr. and Mrs. Self (the Euins' daughter and son-in-law) move to the Euin home. On February 2, 1949, appellants filed this suit, claiming that Archie Euin Faubus had failed to provide the consideration stated in the deed, that is, the food, medical care and clothing.

Mrs. Archie Euin Faubus (appellee), in defending the suit, claimed that she was faithfully fulfilling the consideration of the deed when she was driven from the home by threats made against her by the Euins. The learned Chancellor, after hearing the evidence, dismissed the complaint for want of equity [1] and appellants seek to reverse that decree.

"Support deeds" are recognized in this State. In *Fisher* v. *Sellers,* 214 Ark. 635, 217 S. W. 2d 331, we discussed such deeds:

". . . Our cases hold that when a deed is executed in consideration of future support and maintenance—as here—then, if the grantee fails to fulfill the provisions of the deed, the grantor may sue at law for damages, or may sue in equity to cancel the deed for failure of consideration. *Salyers* v. *Smith,* 67 Ark. 526, 55 S. W. 936; *Whittaker* v. *Trammel,* 86 Ark. 251, 110 S. W. 1041; *Priest* v. *Murphy,* 103 Ark. 464, 149 S. W. 98; and *Goodwin* v. *Tyson,* 167 Ark. 396, 268 S. W. 15."

---

[1] In the course of his oral opinion, the learned Chancellor said:

"I sometimes think it would be well if it were illegal to make such a deal as this. . . . The Supreme Court reports of this State are full of these cases and I suspect there is not one in ten that is carried out fully, or can be carried out fully. . . . This is a case in which it is hard to tell what to do, because the woman's husband died. He couldn't carry it out. The deed was made to them as an estate by the entirety, and it looks like she did the best she could. Differences came up and she felt like she had to leave. She is still willing to go back. She means by that—I don't believe it was brought out exactly in the testimony—but I think she is willing to take her husband back there with her and live on the place and do her best. . . . It would be very harsh for me to cancel the deed and say, 'No, you haven't fulfilled your contract'—and the court isn't going to do that. The complaint will be dismissed for want of equity."

The question before us is whether the appellee, Archie Euin Faubus, has continued to perform the consideration of the said deed by furnishing "food, medical care, clothing" to the appellants. We find that she has not; and so the deed should be cancelled for failure of consideration. The evidence shows that ever since the death of Jesse Euin, appellee has been unable to furnish food, medical care, and clothing for her parents-in-law; and they have all the time had a potential cause of action to cancel the deed for failure of the grantee to furnish the food, medical care, and clothing required by the deed.

The appellee made the decision—which she had a right to make—whether she would seek her happiness by remarriage, or whether she would remain with her parents-in-law and continue to try to save the farm for herself by doing all she could to keep them from declaring the deed forfeited for failure of consideration. She was a comparatively young woman, and chose to remarry; but her second husband is without financial means, and there is no source from which Mr. and Mrs. Faubus can supply the "food, medical care, clothing" for Mr. and Mrs. Euin. Even if the Faubuses lived in the home with the Euins, the problem of "food, medical care, clothing" would be unsolved. So there has been a failure of consideration of the deed; and the Euins are entitled to the relief sought. Nothing would be gained by remanding the cause for further developments, as we did in the case of *Fisher* v. *Sellers, supra.*

The decree is reversed and the cause remanded, with directions to enter a decree granting the appellants' prayed relief.

Justices LEFLAR and DUNAWAY dissent.