## NOBLE *v.* BROWN.

5-2589                                     354 S. W. 2d 10

Opinion delivered February 19, 1962.

*George E. Pike* and *Botts & Botts,* for appellant.

*Macon & Moorehead,* for appellee.

ED. F. McFADDIN, Associate Justice. This is a suit to reform a deed, brought by a mother against her daughter and son-in-law. The appellee, Mrs. Nora E. Brown, was plaintiff below and the grantor in the deed. The appellants, Myrtle Noble and Albert Noble, were defendants below, and Mrs. Noble was grantee in the deed. The Trial Court awarded the prayed reformation, and this appeal ensued.

The family situation is important. For a number of years, Mrs. Brown owned 160 acres, which had been given to her by her father. Mrs. Brown and her husband lived on the land and cultivated 49 acres, and the remainder was in timber. Mr. and Mrs. Brown had two children, being a boy, Lem, and a daughter, Myrtle (the defendant, Myrtle Noble). Mr. Brown died in 1938; and the son, Lem, with his wife and three children, continued to live with Mrs. Brown and cultivate the 49 acres. Lem Brown died in 1948, and his wife and her one remaining unmarried son lived with Mrs. Brown a few more months and then moved to Little Rock, leaving Mrs. Brown alone. She moved to DeWitt and boarded at various places and rented the farm, first to Mr. Harbert and later to Albert Noble (defendant) and his brother for the years 1952, 1953, and 1954. Mrs. Brown's sole source of income was the rent from the farm. Albert Noble

owned some land near the Brown land, and in 1951, Mrs. Brown conveyed three acres of her land to Noble so that he could have a water well drilled for rice farming. He also cleared some of Mrs. Brown's land and put it in rice, beginning in 1952. Noble was in need of money, and in February 1955 Mrs. Brown joined with him and his wife in a mortgage of both the Brown and the Noble lands for $12,500, with the promise from the Nobles that the mortgage would be paid as soon as possible.

All of the foregoing matters are undisputed. On December 15, 1956, Mrs. Brown executed to her daughter, Myrtle, a quitclaim deed to the 160 acres originally owned by Mrs. Brown;[1] and this quitclaim deed is the instrument that is here in dispute. The evidence is directed to the facts, circumstances, and consideration surrounding this deed. Mrs. Brown filed this suit on December 10, 1960, claiming that the deed was supposed to convey only an undivided one-half interest in the land. Her complaint alleged, *inter alia*:

"Said quitclaim deed was represented by Myrtle M. Noble to the plaintiff as being a conveyance by the plaintiff to Myrtle M. Noble of an undivided one-half (1/2) interest in and to the described lands, and the plaintiff relying upon her daughter, Myrtle M. Noble, in

[1] The quitclaim deed, omitting only the acknowledgment, is as follows:

"KNOW ALL MEN BY THESE PRESENTS:

"That I, Nora E. Brown, GRANTOR, for and in consideration of the sum of One and No/100 Dollars ($1.00), and other valuable consideratoins in hand paid by Myrtle Noble, GRANTEE, the receipt of which is hereby acknowledged, do hereby grant, convey, sell and quitclaim unto the said GRANTEE, and unto her heirs, and assigns forever all my right, title, interest and claim in and to the following lands lying in Arkansas County, Arkansas:

"The Northwest Quarter of Section Thirty-Six (36), Township Four (4) South, Range Two (2) West.

"This conveyance is made subject to a Mortgage given by Nora E. Brown, et. al to the Mutual Benefit Life Insurance Company of Newark, New Jersey, the said Mortgage appearing of record in the Office of the Recorder of Deeds for the Southern District of Arkansas County, Arkansas in Record Book P- 7, Page 429.

"To have and to hold the same unto the said GRANTEE, and unto her heirs and assigns forever, with all appurtenances thereunto belonging.

"WITNESS my hand and seal on this 15th day of December, 1956.
/s/Nora E. Brown."

whom she reposed trust and confidence, did execute said deed without reading same; the consideration for said conveyance of said undivided one-half (1/2) interest was the agreement by the defendants, Albert R. Noble and Myrtle M. Noble, that they would support and care for the plaintiff, Nora E. Brown, for her life and that they would rent from Nora E. Brown the other undivided one-half (1/2) of the said NW1/4 of Section 36. The rental to be one-fifth (1/5th) of all rice and one-fourth (1/4th) of all dry crops raised thereon. The defendants have failed and refused to pay to the plaintiff the rent on the undivided one-half of said Quarter Section for the years following the above described quitclaim deed, stating upon demand being made that they did not have the money."

The prayer of the complaint was, ". . . that the defendant Myrtle M. Noble be compelled to surrender for cancellation the deed to the above described land in return for a deed from the plaintiff to an undivided one-half (1/2) interest in said land; . . . defendants Albert R. Noble and Mrtle M. Noble be required to account for and pay over to Nora E. Brown the rents for the years 1956 through 1960 in accordance with said contract set out above; . . ."

Mrs. Brown admitted (both in the pleadings and in her testimony) that she executed a deed, but claimed that the deed should have been for only one-half interest instead of her total interest. In such an effort to reform a deed as here, the person seeking reformation has the burden of presenting proof that is clear, unequivocal, and convincing. *Hicks* v. *Rankin,* 214 Ark. 77, 214 S. W. 2d 490; *Hopkins* v. *Williams,* 215 Ark. 151, 219 S. W. 2d 620; *Stallcup* v. *Stevens,* 231 Ark. 317, 329 S. W. 2d 184. When tested by the rule stated in the foregoing cases, we reach the conclusion that the evidence for Mrs. Brown fails to satisfy the requirements. Mrs. Brown was the only witness who testified to support her case; and her testimony showed that advanced years cause one to become forgetful. Certainly, her testimony does not

satisfy the *quantum* of proof necessary to entitle her to the relief. She admitted that she knew in 1956 what the deed recited, and she offered no good explanation for her delay in seeking reformation. We are thus driven to the conclusion that she changed her mind in the intervening years.

On the other hand, witnesses—other than the appellants—testified that Mrs. Myrtle Noble was not with her mother when the deed was prepared, and executed by Mrs. Brown; and, therefore, Mrs. Noble could not have made any representations to Mrs. Brown about the contents of the deed. It was shown that the deed was prepared by one attorney and then taken by Mrs. Brown on her own initiative to another attorney who carefully explained to her the fact that the deed conveyed all of her interest in the property. The testimony of the appellants, along with that of other witnesses, convinces us that the decree must be reversed.

However, there is another angle of the case that we desire to discuss; and that relates to continued support and maintenance. It is agreed by both sides that the consideration of the deed was the agreement by the grantee, Mrs. Myrtle Noble, that she would care for and support Mrs. Brown as long as the grantor might live. Mrs. Noble pays $165.00 per month for Mrs. Brown's care in a nursing home, and, in addition, provides her with vitamins and other extras and also pays her hospital and medical bills. As far as the record before us discloses, Mrs. Noble has been faithful to her obligation; and we emphasize that this obligation continues for the life of Mrs. Brown. The fact that Mrs. Brown is not successful in the present litigation cannot prejudice her rights to continued support and maintenance for her entire lifetime. The land stands charged with that obligation even if Mrs. Brown should outlive her daughter. Failure to provide the proper care, maintenance, and support for Mrs. Brown would result in a failure of consideration for the deed. See *Fisher* v. *Sellers,* 214 Ark. 635, 217 S. W. 2d 331. Inasmuch as this is an equity

case, and we have discretion as to taxing of Court costs, we tax all the costs against the appellants, even though we reverse the decree and remand the cause for the entry of a decree in accordance with this opinion.