BRYANT *v.* BRYANT.

5-3484                                              387 S. W. 2d 322

Opinion delivered March 1, 1965.

*Featherston & Featherston,* for appellant.

*Jerry Witt,* for appellee.

CARLETON HARRIS, Chief Justice. This litigation involves the validity of a deed. Appellant, Noles Bryant, and her former husband, Dr. Robert L. Bryant, were

named grantees in a deed conveying a certain forty-acre tract in Montgomery County, said deed being executed by the widow and surviving heirs[1] of Dr. Bryant's deceased father. Dr. Bryant and his wife took title as an estate by the entirety. The granting clause recites that the widow, Lou Bryant, and heirs,

"for and in consideration that the grantees are to provide a place for Mrs. Lou Bryant to live for the remainder of her life, and of the sum of THIRTY FIVE HUNDRED ($3500.00) DOLLARS, in hand paid receipt of which is hereby acknowledged, do hereby grant, bargain and sell to Robert L. Bryant and Noles Bryant his wife, GRANTEES, and unto their heirs and assigns forever, the following land lying in Montgomery County, Ark.: * * *"

It is undisputed that Dr. Bryant did provide a home for the mother, Mrs. Lou Bryant, which was located on a one-acre tract, and that she was still living there at the time of this litigation.[2] Dr. Bryant, however, did not convey the property to his mother.

Dr. Bryant and appellant were divorced on May 1, 1953. The divorce decree sets out the property that each is to receive, but the particular forty acres here involved is not mentioned. The one acre, upon which the home was provided for Mrs. Lou Bryant, was awarded to Dr. Bryant. In August of the same year, Dr. Bryant married Gerry Matsuko in Honolulu, Hawaii. On August 24, 1954, Dr. Bryant and the second wife executed a deed conveying the forty acres to Jerry Witt, an attorney; also a deed was executed conveying the one acre. On the next day, Attorney Witt and his wife conveyed the properties back to Dr. Bryant and Gerry. The doctor and his wife lived together until his death on May 29, 1955. Within a week, the second Mrs. Bryant deeded both pieces of property to Mrs. Lou Bryant.

Appellant instituted suit, contending that she was the sole owner of the forty-acre tract by virtue of being

---

1 Brothers and sisters of Dr. Bryant.

2 From the briefs, it appears that Mrs. Bryant subsequently died, apparently still living on this one acre.

the survivor of the estate by the entirety. Appellees answered, contending that the $3,500, mentioned as part of the consideration in the deed, was never paid, and they prayed that their deed to Dr. Bryant and appellant be cancelled. On hearing, the court held,

"that the deed executed by the defendants [appellees] to Robert L. Bryant and Noles Bryant on the 9th day of August, 1954 [52], and recorded in deed record books B-41, Pages 366-368 conveying the following lands herein described as follows: [here appears description of the forty acres] should be cancelled and set aside for the reason that the consideration in said deed wholly failed and that said deed should be removed as a cloud on the title of the defendants * * *"

Title to the property was quieted and confirmed in appellees. From the decree so entered, appellant brings this appeal.

We think, under our cases, that this decree must be reversed. In 1856, this court held that where a deed acknowledges payment of a consideration, the expressed consideration cannot be disproved for the purpose of defeating the conveyance, unless it be on the ground of fraud. The court went on to say that, for the purpose of ascertaining damages for which a plaintiff might be entitled, due to breach of covenant, the true consideration might be shown. *Vaugine, et al,* v. *Taylor, et al,* 18 Ark. 65. In 1955, this court said: "The recital of consideration in a deed may be varied by parol for every purpose except to show that the deed was without consideration," *United Loan & Investment Co.* v. *Nunez,* 225 Ark. 362, 282 S. W. 2d 595. In *Rebsamen Motors* v. *Moore,* 231 Ark. 249, 329 S. W. 2d 155, we reiterated:

"* * * It has been decided by this court in numerous cases that, though the recitals as to consideration in a deed cannot be contradicted by parol evidence *for the purpose of defeating the conveyance,*[3] it is competent to prove by such evidence that the consideration has not

---

[3] Emphasis supplied.

been paid as recited or to establish the fact that other considerations not recited in the deed were agreed to be paid, when it does not contradict the terms of the writing.''

In 26 C.J.S., Deeds, § 21, Page 618, we find:

''While it has been recognized that failure of consideration for a conveyance is sufficient ground to warrant a rescission, at least where it is total, as a general rule a deed which is otherwise valid will not be invalidated by reason of a total or partial failure of consideration, and will nevertheless operate to convey title. So, in the absence of statutory authorization, or an express provision for a forfeiture or reconveyance, a deed will not be avoided or canceled because the consideration agreed on is not paid, or because the grantee fails to perform a promise forming the whole or part of the consideration therefor; nor will failure to perform such a promise ordinarily give rise to a lien or charge against the land; nor is a party entitled to have his deed set aside and canceled simply because he has not received full consideration.''

An Arkansas case, *Wheeler* v. *Wendleton*, 209 Ark. 601, 191 S. W. 2d 952, is cited. There, this court stated:

''The fact that the consideration for this agreement was not paid would not revest the title in Hunt, but would only give him a right to enforce collection of the amount due him for his improvements and taxes.'' * * *

We are firmly of the opinion that, even if failure of consideration were established, appellees would not be entitled to cancellation of the deed because of that fact alone. There is an exception to the general rule, *viz*, that when a deed is executed in consideration of future support and maintenance—then, if the provision is not fulfilled by the grantee, the grantor may sue at law for damages, or may sue in equity to cancel the deed for failure of consideration. In *Fisher* v. *Sellers*, 214 Ark. 635, 217 S. W. 2d 331, this court commented:

''* * * Our cases hold that when a deed is executed in consideration of future support and mainte-

nance—as here—then, if the grantee fails to fulfill the provisions of the deed, the grantor may sue at law for damages, or may sue in equity to cancel the deed for failure of consideration."

Appellees here contend that the $3,500 was for support of the mother, and that accordingly, the chancellor properly cancelled the dead.

Let us look to the circumstances herein, commencing with an examination of the deed. First, that instrument does not recite that the $3,500.00 is to be paid to the mother; rather, the wording of the conveyance indicates that this sum of money had been received by all grantees.[4] It will be noted that there is no provision in the deed requiring Dr. Bryant to provide support in the future; in fact, there is nothing to indicate that the $3,500 lump sum payment (shown as paid) was to be used for support. Of course, if the money had been paid to the mother, she would have been privileged to use it for support or whatever else she desired. The point is that there was no obligation on Dr. Bryant to do anything *in the future* for his mother except provide a place for her to live for the remainder of her life—which was done. Be that as it may, we do not feel that appellees have established by the necessary quantum of proof either that the $3,500 represented support money for Lou Bryant, or even that Dr. Bryant failed to pay the $3,500. In *Kirkham v. Malone,* 232 Ark. 390, 336 S. W. 2d 46, we said:

"At the outset it must be recognized that the law is firmly established that to justify the setting aside of a deed for failure of consideration, the evidence of such failure must be clear, cogent and convincing."

Appellant offered witnesses who testified that the $3,500 had been paid. On the other hand, appellees offered testimony to the effect that it had not been paid. It is evident that Dr. Bryant considered that the transaction had been consummated, else he would not have conveyed the property to his attorney and then obtained a conveyance back to himself and second wife. By virtue

---

[4] It might be mentioned that no lien was retained in the deed.

of this act, it would appear that the doctor recognized that his first wife still had an interest in the tract at that time.

The testimony of appellees is conflicting as to who was to receive the $3,500. For instance, Lou Bryant, the mother, testified that the $3,500 was to be paid to her and the children; that it was to be divided equally between all of them. A daughter, Heddie Tucker, likewise testified that the money was to be paid to the mother and the heirs (meaning the children); that she (the witness) was to receive a part of the money. Mae Kilby, another daughter, also testified that, in addition to her brother providing a place for the mother to live, $3,500 was to be paid to the mother and to the children for the property. At another point in her testimony, the witness stated that "Mother would have money to live on." Anna Barber, a daughter, testified that Dr. Bryant "was supposed to support my mother, but he did not." Wesley Bryant, a son, stated, "It was my understanding that Dr. Bryant was to deposit the purchase price of this land in the bank, and it was agreed that my mother would be supported by this deposit until her death, and any money left at her death would be divided among the heirs." Oda Rogers, a daughter, testified that her brother was supposed to put $3,500 in the bank to be used by the mother. All of the appellees who testified stated that no part of the $3,500 was paid to any of them; this testimony, of course, could mean nothing more than that they had not individually received any money.[5]

It is obvious that appellees themselves were not in agreement as to who would receive the money, which means that they certainly were not in agreement that it was to be paid solely to the mother, or that it was to be used for her support. Appellees alleged fraud in the procurement of the deed, but the chancellor made no finding of fraud, nor would the proof support such a finding. In fact, we think the testimony falls far short

_____

[5] The various heirs lived in different cities and states, and, in fact, in obtaining the deed, Dr. Bryant traveled to the homes of several of them, who lived out of state, for instance, Nebraska, California, Washington. Several did not testify.

of establishing by clear, cogent, and convincing testimony that the $3,500 was to be used for the support of the mother, or that the money was not paid, though there was more evidence concerning the latter than the former.

The decree is accordingly reversed, and the cause remanded to the Montgomery County Chancery Court, with directions to enter a decree cancelling the following deeds to the forty-acre tract involved in this litigation:

Dr. Robert L. Bryant and wife, Gerry Matsuko Bryant, to Jerry Witt and wife;

Jerry Witt and wife to Dr. Bryant and Gerry Matsuko Bryant;

Gerry Matsuko Bryant to Lou Bryant.

It is so ordered.

McFaddin, J., dissents.

ED. F. McFADDIN, Associate Justice (dissenting). I respectfully dissent. The deed here involved is a *support deed*[1] and the Chancery Court correctly cancelled the deed for failure of the grantees to provide and furnish the contracted support. The deed sought to be cancelled was dated July 9, 1952, and was from Mrs. Lou Bryant and her children to Robert L. Bryant and Noles Bryant, his wife, and the recited consideration was: ". . . . for and in consideration that the grantees are to provide a place for Mrs. Lou Bryant to live for the remainder of her life and of the sum of $3,500.00 in hand paid, receipt of which is hereby acknowledged . . ." I call attention to the fact that the appellant in this case was one of the grantees.

The first point I desire to make is that the real consideration in any deed can always be shown by parol evidence. This Court so held as far back as *Pate* v. *Johnson*,

---

[1] The term "support deed" is used in the case of *Euin* v. *Faubus*, 217 Ark. 238, 229 S. W. 2d 244, and its meaning is there shown.

15 Ark. 275; and has continued to so hold in a case as recent as *United Loan & Inv. Co.* v. *Nunez,* 225 Ark. 362, 282 S. W. 2d 595. In the last cited case we said:

"The recital of consideration in a deed may be varied by parol for every purpose except to show that the deed was without consideration. *Davis* v. *Jernigan,* 71 Ark. 494, 76 S. W. 554; *Mewes* v. *Mewes,* 116 Ark. 155, 172 S. W. 853; and other cases collected in West's Ark. Digest, 'Evidence,' § 419 (2)."

The second point I desire to make is that the evidence in the case here established—as the Chancellor found—that the real consideration in this deed was that Dr. Bryant and Noles Bryant would pay $3,500.00 for the support of Mrs. Lou Bryant, the mother of Dr. Bryant. Here is some of the testimony:

Mrs. Lou Bryant testified:

"Q. Now did he furnish you any money for a living?

"A. No, sir."
And again:

"Q. So that then, Mrs. Bryant, this one acre there that Dr. Bryant gave you as a place to live was just one of the considerations, . . . the other thing was to pay you $3,500.00, wasn't it?

"A. Yes, sir, and he never paid a penny of it."

Mrs. Oda Rogers, one of Mrs. Lou Bryant's daughters, testified:

"Q. Would you please tell the Court what he told you there with reference to when you signed the deed here, what was the consideration, what was he to pay for this land?

"A. Well, he was supposed to pay $3,500.00 to my mother.

"Q. Was he to put that in the bank to be used by your mother for her support as long as she lived, is that what he was to do?

"A. Yes."

And again the witness testified:

"Q. ... has Noles Bryant ever paid you anything?

"A. No.

"Q. Never offered to pay you anything?

"A. No.

"Q. Never paid your mother anything?

"A. Not a penny."

Mrs. Hettie Tucker, another daughter of Mrs. Lou Bryant, testified as to the consideration:

"A. He promised to pay $3,500.00 when I signed the deed.

"Q. Who to?

"A. To mother and her heirs."

Mrs. May Kilby, another daughter of Mrs. Lou Bryant, testified:

"Q. Now, then, you understood when you signed the deed that your mother and all of her children were to get $3,500.00 in addition to providing a place for your mother to live?

"A. Yes ...

"Q. Will you tell the Court whether or not Dr. Bryant or Noles Bryant ever paid any part of the $3,500.00?

"A. No, not a penny."

Some of the witnesses differed as to the ultimate disposition of the money; that is, whether it was to be used solely for the support of Mrs. Lou Bryant; or whether what was left after her death would go to her heirs; but those that I have mentioned were unanimous to the effect that the money was to be for the support of Mrs. Lou Bryant and that such support money had

not been paid.[2] In other words, the support from the $3,500.00 had never been performed by Dr. R. L. Bryant and Mrs. Noles Bryant. Thus, we have a case before us wherein the real consideration was to include $3,500.00 for the support of Mrs. Lou Bryant, and that consideration has not been fulfilled. Not only were the grantees to supply a home—but they were also to supply support —and the performance of one (a home) was only a partial performance; and that is not sufficient. See *Euin* v. *Faubus,* 217 Ark. 238, 229 S. W. 2d 244.

The third point I desire to make is that when a deed is executed in consideration of future support, as here, and all such support is not provided, then the deed may be cancelled outright, just as the Chancery Court did in the case at bar. These support deeds are different from other deeds in that respect. In *Goodwin* v. *Tyson,* 167 Ark. 396, 268 S. W. 15, this Court quoted from *Edwards* v. *Locke,* 134 Ark. 80, 203 S. W. 286, as follows:

" 'The rationale of the doctrine is that an intentional failure upon the part of the grantee to perform the contract to support, where that is the consideration for a deed, raises the presumption of such fraudulent intention from the inception of the contract, and therefore vitiates the deed based upon such consideration. Such contracts are in a class peculiar to themselves, and, where the grantee intentionally fails to perform the contract, the remedy by cancellation, as for fraud, may be resorted to, regardless of any remedy that the grantor

---

[2] In addition, Mrs. Gerry Matsuko Bryant, the widow of Dr. R. L. Bryant, testified, without objection, as to what Dr. R. L. Bryant told her some time after their marriage in 1953:

"Q. Did your hus'·and discuss with you this particular deed, which you held in his lifetime, while you lived together, that was made in 1952, to the 40 acres of land, did he discuss it with you during his lifetime?

"A. Yes.

"Q. All right, what did he say, and where was it said?

"A. Well, I imagine it was at home, he said he'd like to buy it and he wanted to get everybody to sign it, but then we didn't have the money, so he didn't buy it.

"Q. In other words, the conversation you had with him was about some land that he would like to buy, was going to buy, but had not bought?

"A. That's right."

may have had also at law. See *Salyers* v. *Smith,* 67 Ark. 526; 4 R.C.L., p. 509, § 22; *Russell* v. *Robins,* 247 Ill. 510; *Stebbins* v. *Petty,* 209 Ill. 291; *Spangler* v. *Warborough,* 23 Okla. 806; see also *Bruer* v. *Bruer,* 109 Minn. 260; *Abbott* v. *Sanders,* 80 Vt. 179; *Glocke* v. *Glocke,* 113 Wis. 303. See also case note 43, L.R.A. (N.S.), 918-925.' "

To the same effect see *Brimson* v. *Pearrow,* 218 Ark. 27, 234 S. W. 2d 214; *Euin* v. *Faubus,* 217 Ark. 238, 229 S. W. 2d 244; and *Fisher* v. *Sellers,* 214 Ark. 635, 217 S. W. 2d 331.

So I maintain that the deed from Mrs. Lou Bryant and her children to Dr. R. L. Bryant and Noles Bryant was a support deed; that the $3,500.00 has not been paid or performed; and that the Chancery Court was correct in cancelling the deed.